UNITED STATES, Appellee

v

THOMAS KEMA, Airman Third Class, U. S. Air Force, Appellant

10 USCMA 272, 27 CMR 346

No. 12,352

Decided March 13, 1959

*Lieutenant Colonel Philip J. Williamson* argued the cause for Appellant, Accused. With him on the brief was *Lieutenant Colonel Sam F. Carter*.

*Major Lawrence J. Gross* argued the cause for Appellee, United States. With him on the brief was *Lieutenant Colonel Robert W. Michels*.

## Opinion of the Court

GEORGE W. LATIMER, Judge:

After entering a plea of guilty to all charges and specifications, accused was sentenced by general court-martial to a dishonorable discharge, total forfeitures, and confinement at hard labor for five years. Subsequently, the convening authority reduced the term of confinement to four years, but otherwise approved, and this sentence was in turn affirmed by the board of review.

The granted issue concerns the manner in which the staff judge advocate's review was prepared. The review—which we note parenthetically was complete and thorough in all respects, see United States v Fields, 9 USCMA 70, 25 CMR 332—was prepared and signed by an assistant staff judge advocate. Below his name at the end of the review appears the statement, "I concur," and the signature of the staff judge advocate. Apparently after the accused had raised an error at the board of review level touching on the failure of the staff judge advocate to meet the requirements of Article 61, Uniform Code of Military Justice, 10 USC § 861, an affidavit was obtained by the Government. It was executed by the staff judge advocate and sets forth the following information:

"2. That in this case, wherein the accused entered pleas of guilty to all charges and specifications, he [the staff judge advocate] did not read the record of trial.

"3. That he read a draft of a proposed review prepared by the Chief of the Military Justice Division in his office, who had read the record of trial; that he discussed the proposed review with its author and suggested several minor changes therein; that he read the review in its final form, concurred therein and adopted it as his own, including the legal opinions and the recommendations set forth therein.

"4. That thereafter he discussed this case personally with the Convening Authority, recommended the action which was taken by the Convening Authority, who thereupon signed the action in the presence of affiant."

On the basis of these facts, appellate defense counsel contend that the record discloses error of such a nature that he is entitled to a new review.

Article 61, Uniform Code of Military Justice, 10 USC § 861, setting out the statutory requirement of the staff

judge advocate review, provides in pertinent part:

"The convening authority shall refer the record of each general court-martial to his staff judge advocate or legal officer, who shall submit his written opinion thereon to the convening authority."

As we interpret the above-quoted language of the Article, in the light of the many and varied duties of a staff judge advocate, we are satisfied Congress did not intend to saddle him with the impracticable task of personally reading every page of the record in all cases and composing every review. Rather, it is our conviction that Congress was looking toward an ultimate objective with practicability in mind, and while it was interested in insuring that a seasoned legal officer would familiarize himself with the record so he could pass judgment on the factual and legal issues raised, and properly advise the convening authority on the action to be taken, it was not concerned with the method used in learning the contents of the record. The important matter to all parties concerned is that the staff judge advocate know the facts and legal issues so that he can determine whether the accused has been denied military due process, and it would be elevating form over substance to hold that he may acquire that knowledge only by personally reading every page of the record. Furthermore, we see no reason why he must be the architect of the original draft of the review. It would appear to us that he meets all codal requirements if, after being made fully aware of all matters touching on pretrial rights and privileges and the findings and sentence, he ascertains that the review in its final form meets legal standards and accurately reflects his personal opinion on the matters to be contained therein.

In viewing this issue through the spectacles of reasonable utility, it will be seen that the staff judge advocate has many duties to perform other than reading records. He supervises military justice within the command, advises the commander and staff on questions of law, furnishes legal assistance and advice to military personnel and their dependents, reviews and recommends the action to be taken on claims, and passes on contracts. To require that in every court-martial case he personally perform all the tasks incident to making appropriate recommendations would in many commands require him to gloss over numerous important duties. He has been furnished a staff to aid him in his work and if every detail required in the proper administration of military justice had to be personalized, he would be denied the effective assistance of skilled subordinates. Many appellate courts rely on abstracts of the record, and we believe it consistent with good military practice to permit some similar method of operation by the staff judge advocate.

In holding as we do, we are not detracting from any substantial right of the accused, and we are aiding the administration of military justice. The officer holding the position of staff judge advocate has been elevated to that responsibility because of his sound judgment and proven professional competence. It is to gain the benefit of his legal knowledge together with his military experience that Article 61 provides for review by him of each case. His important responsibility in the military judicial system will be better fulfilled if he is not burdened with time-consuming tasks which can be well performed by subordinates. Manifestly, to reach a good, sound conclusion, he must be furnished an accurate legal and factual base, but it is unimportant whether his foundation is erected by reading every page of the transcript or by obtaining the information in a capsule form. If the summary is accurate and complete, he operates from the same factual base as when he uses the transcript, effecting a considerable saving of time and without detracting from the correctness of his conclusions. Both parties are benefited when time permits deliberate consideration and evaluation of possible errors. In addition, the probability of missing important points is lessened and, if perchance the digester was inaccurate or deficient in preparing his product, it would appear on the face of the record. Error

would be apparent to the accused and could be easily discovered and cured at higher appellate levels. United States v Grice, 8 USCMA 166, 23 CMR 390; United States v Johnson, 8 USCMA 173, 23 CMR 397. Insofar as the entire review is concerned, if this form of procedure is used, it is necessary that it set out all the essential facts of the case, that the legal issues be framed properly, that the staff judge advocate be informed of all matters substantially bearing upon a fair and just trial, that he be in complete agreement with the principles of law announced in the basic review, and that he concur in the recommendations made to the convening authority.

Applying the standard set forth above to the facts in this case, we have no difficulty in concluding that the procedure of the staff judge advocate was free from error. The review in question was thoroughly prepared by an officer certified as a judge advocate. Furthermore, the staff judge advocate read this review on more than one occasion, discussed it with the author, suggested minor changes, concurred in the final form of the review and advised the convening authority accordingly. Clearly this record shows that his opinion was formed with a full knowledge of the facts and law involved. Therefore, we conclude that Article 61 of the Code was not violated. Cf. United States v Callahan, 10 USCMA 156, 27 CMR 230.

While we have found no error, we do not intend to suggest that, when possible, the record should not be read by the staff judge advocate. No doubt the best practice is for the senior staff officer to read the record from beginning to end, even though it has been digested by one of his assistants, but the demands of his office may make that impracticable. While we would not sacrifice a substantial right of the accused for expediency, we are certain our interpretation leaves the accused with ample protection from an inadequate review. Apropos of that conclusion is the tacit but fair concession by the defense that in the case at bar the staff judge advocate was furnished, in detail, all essential information needed

to form a considered opinion and that prejudice is not found in this record.

The decision of the board of review is affirmed.

QUINN, Chief Judge (concurring in the result):

Under Article 61, Uniform Code of Military Justice, 10 USC § 861, the convening authority of a general court-martial must "refer the record" to his staff judge advocate; and, in turn, the staff judge advocate is required to "submit his written opinion thereon to the convening authority." In my opinion, the Article contemplates some sort of personal attention to the contents of the record. How much personal reading is required, however, depends upon the particulars of the case. If the case is strongly contested and the testimony is in conflict, it seems to me that only after reading the record itself is the staff judge advocate in a position to make informed judgments and recommendations on the credibility of the witnesses and the weight of the evidence. On the other hand, if the accused enters a plea of guilty and the principal evidence affecting the sentence is obtained during the post-trial review, no purpose is served by requiring the staff judge advocate to read the entire record. In short, Article 61 does not prescribe a rigid rule of procedure; rather, it calls for the exercise of good sense and sound judgment.

If the demands made upon the staff judge advocate prevent him from personally reviewing the record of trial when it is referred to him, he can properly turn over the record to an assistant for preliminary consideration. United States v Callahan, 10 USCMA 156, 27 CMR 230. If there are disputed issues or matters, the assistant's review may not be a sufficient predicate for the staff judge advocate's opinions and recommendations. In that event, the staff judge advocate must read the record itself. Also, there is always the danger that the assistant's review may leave out pertinent matter or use language which conveys a somewhat different meaning than the actual words of the witness. In this case, for example, the assistant failed to mention

**275**

an affidavit admitted in evidence on behalf of the accused in connection with the sentence. The question then is whether the case is of a kind which requires the staff judge advocate to give personal attention to the record of trial.

In this case the accused pleaded guilty. The circumstances surrounding the offenses are discussed at length in the review. In mitigation the accused presented an unsworn statement, a letter from an acquaintance of his father, and an affidavit by an Air Force Major. There is no mention of the latter in the review, but the other matters are set out at length. Most of the clemency discussion is concerned with the details of a "clemency interview" with the accused. Also included is the full clemency report by the accused's commanding officer. In this situation I think it was unnecessary that the staff judge advocate personally read the record of trial. I, therefore, concur in the result reached in the principal opinion.

FERGUSON, Judge (dissenting):

I dissent. Congress has seen fit to require that "The convening authority shall refer the record of each general court-martial to his staff judge advocate or legal officer, who shall submit his written opinion thereon to the convening authority." Article 61, Uniform Code of Military Justice, 10 USC § 861. If the Congress had wanted to permit the advice to be rendered by any attorney, it could have said so. By specifying the staff judge advocate or legal officer of the convening authority, it indicated a desire that an attorney with the maturity and experience required in attaining that position pass upon the issues involved and give his professional advice thereon in writing.

This Court is to decide questions of law. If considerations of practicality present the services with serious problems in this area, their redress is in the Congress and not by this Court through judicial construction reducing or limiting the expressed requirements of the law.

Thus, I would require, because I believe the law requires, that the staff judge advocate or legal officer of the convening authority read the record of trial in all cases. This does not preclude his receiving some aid from assistants. But, in the final analysis, it must be his opinion which is presented and that can only with certainty be based upon all the evidence of record when he has read the record for himself.

The failure of the staff judge advocate to read the record in this case deprived the accused of one of the rights assured him by the Congress. I would, therefore, order a new staff judge advocate review.