UNITED STATES, Appellee,

v.

Private (E–2) Joseph D. GRAY, SSN 344–66–6389, United States Army, Appellant.

SPCM 16785.

U. S. Army Court of Military Review.

28 Oct. 1982.

Colonel Edward S. Adamkewicz, Jr., JAGC, Colonel William G. Eckhardt, JAGC, Lieutenant Colonel R. Rex Brookshire, II, JAGC, Major Raymond C. Ruppert, JAGC, Major Robert C. Rhodes, JAGC, Captain Dennis E. Brower, JAGC, and Captain Vivian B. Wiesner, JAGC, were on the pleadings for appellant.

Colonel R.R. Boller, JAGC, Major John T. Edwards, JAGC, Major Michael L. DeBusk, JAGC, Captain Thomas E. Booth, JAGC, and Captain Gary L. Hoffman, JAGC, were on the pleadings for appellee.

Before O'DONNELL, FOREMAN and WERNER, Appellate Military Judges.

### OPINION OF THE COURT

FOREMAN, Judge:

In accordance with his pleas, the appellant was convicted of wrongful appropriation of an automobile, in violation of Article 121, Uniform Code of Military Justice, 10 U.S.C. § 921 (1976). He was sentenced to a bad-conduct discharge, confinement at hard labor for three months, and forfeiture of $300.00 pay per month for six months. The convening authority approved the sentence, but suspended the confinement at hard labor in excess of two months for a period of twelve months.

The appellant contends that the military judge erred by denying the appellant's request for individual military defense counsel. We find his contention without merit. The appellant requested that a Captain Shaffer be made available as individual defense counsel. The request was denied by the general court-martial convening authority because of Captain Shaffer's workload, his responsibilities as a trial counsel and as officer in charge of a legal center, and a conflict of interest arising from the fact that Captain Shaffer had assisted in the preparation of the charges and had advised the company commander, battalion commander, and brigade commander on the case. Because the military judge stated that the conflict of interest could be

waived, the appellant now argues that the conflict of interest was not a sound basis for denying the request for Captain Shaffer's services. This argument is without merit. The fact that the appellant may be willing to waive a conflict of interest does not remove the conflict, nor does it require the government to accept the waiver. We hold that the conflict of interest and Captain Shaffer's important duties and workload, all considered together, provide a "sound basis" for denying the request. *United States v. Cutting,* 14 U.S.C.M.A. 347, 351, 34 C.M.R. 127, 131 (1964). We find no abuse of discretion.*

■ We also note that the record does not reflect an appeal from the general court-martial convening authority's decision regarding the availability of Captain Shaffer. In the absence of an appeal, the appellant is not entitled to judicial relief even if the general court-martial convening authority's decision was incorrect. *United States v. West,* 13 M.J. 800 (A.C.M.R.1982).

The post-trial review in this case was prepared and signed by the deputy staff judge advocate, who advised the convening authority that the staff judge advocate was disqualified to act as reviewer in the case by virtue of having testified as a witness. Pursuant to *United States v. Goode,* 1 M.J. 3 (C.M.A.1975), the trial defense counsel challenged the validity of the review, arguing that any disqualification of the staff judge advocate extended to his deputy. In a supplemental review, the deputy staff judge advocate advised the convening authority that the staff judge advocate's testimony in the case "did not legally disqualify him" but "did call for a disqualification to avoid needless issues on appeal."

■ The staff judge advocate's testimony in this case involved the availability of the requested individual counsel, Captain Shaffer. We agree with the appellant's argument that any disqualification of the staff judge advocate based upon his testimony at the trial would extend to his deputy. *See United States v. Treadwell,* 7 M.J. 864, 868 (A.C.M.R.1979); *United States v. Hurd,* 49 C.M.R. 671 (A.C.M.R.1974). However, the staff judge advocate's testimony in this case merely repeated his written advice to the convening authority. The factual sufficiency of the advice was not in issue. Under the circumstances, we hold that the staff judge advocate's testimony did not disqualify him or his deputy from reviewing the case. *See United States v. Engle,* 1 M.J. 387, 390 (C.M.A.1976); *United States v. Treadwell, supra.*

■ However, resolving the question of the staff judge advocate's disqualification leaves the more fundamental question whether the review performed by a "deputy staff judge advocate" complies with the requirement of Article 61, Uniform Code of Military Justice, 10 U.S.C. § 861 (1976), for review by a "staff judge advocate." When the staff judge advocate is ineligible to act in a case, the convening authority may request the assignment of another staff judge advocate, forward the record to another general court-martial convening authority having a qualified staff judge advocate, or forward the record to the Judge Advocate General "if permitted by appropriate regulations." Manual for Courts-Martial, United States, 1969 (Revised edition), paragraph 85a. No express provision is made in Article 61 of the Manual for Courts-Martial for the automatic assumption of the position of acting staff judge advocate by a subordinate in the absence of the staff judge advocate, but that practice has been recognized and implicitly approved by appellate courts. *See United States v. Schuller,* 5 U.S.C.M.A. 101, 17 C.M.R. 101 (1954); *United States v. Svoboda,* 12 M.J. 866 (A.F.C.M.R.), *pet. denied,* 13 M.J. 243 (C.M.A.1982); *United States v. Clevidence,* 11 M.J. 661 (C.G.C.M. R.1981), *rev'd on other grounds,* 14 M.J. 3 (C.M.A.1982). The assumption of the legal duties of the staff judge advocate by the

---

* Effective 20 January 1982, the Manual for Courts-Martial, United States, 1969 (Revised edition), paragraph 48b(2), was amended to provide that persons assigned duties as "principal legal advisor to a command" or as a trial counsel are not "reasonably available" to serve as individual defense counsel.

next senior judge advocate is consistent with military tradition and comports with the Congressional intent that the convening authority receive his advice on serious criminal matters from his most seasoned military lawyer. *See generally United States v. Kema,* 10 U.S.C.M.A. 272, 27 C.M.R. 346 (1959).

 Where a subordinate who is not the acting staff judge advocate prepares a post-trial review, Article 61 is not fulfilled unless the staff judge advocate approves and adopts the subordinate's work product. *United States v. Kema, supra; United States v. Callahan,* 10 U.S.C.M.A. 156, 27 C.M.R. 230 (1959); *United States v. Gardner,* 27 C.M.R. 941, 949 (A.F.B.R.1958).

Whether the convening authority may designate a subordinate judge advocate as acting staff judge advocate when the staff judge advocate is neither absent nor disqualified has not been decided by this Court. However, the Coast Guard Court of Military Review has affirmed a case in which the convening authority designated a subordinate legal officer as acting legal officer pursuant to a request by the legal officer based on his heavy workload. *United States v. Miller,* 11 M.J. 618 (C.G.C.M.R. 1981). However, in that case the convening authority acted pursuant to paragraph 85*a* of the Manual for Courts-Martial and a specific Coast Guard regulation which authorizes the convening authority to designate a subordinate legal officer as acting legal officer. No comparable provision exists in the Army. We need not decide whether such a provision contravenes the requirement of Article 6(a), Uniform Code of Military Justice, 10 U.S.C. § 806(a) (1976), that the assignment for duty of judge advocates be made "upon the recommendation of the Judge Advocate General."

In the case before us, the staff judge advocate was neither absent nor disqualified. There is no indication that the convening authority requested assignment of a substitute staff judge advocate or that he purported to designate the deputy staff judge advocate as acting staff judge advocate. There is no indication that the staff judge advocate approved and adopted the review of the deputy staff judge advocate. To the contrary, it appears that the staff judge advocate deliberately divorced himself from the case. We hold that the review by the deputy staff judge advocate, acting in his capacity as deputy staff judge advocate, does not meet the requirements of Article 61.

The action of the convening authority is set aside. The record of trial is returned to The Judge Advocate General for a new review and action by the same or a different convening authority.

Senior Judge O'DONNELL and Judge WERNER concur.