**UNITED STATES, Appellee,**

v.

**Private E-2 Jeffery REED, 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, United States Army, Appellant.**

**CM 444893.**

U.S. Army Court of Military Review.

17 Dec. 1984.

Lieutenant Colonel Paul J. Luedtke, JAGC, Captain Rita R. Carroll, JAGC, and Captain Pamela O. Barron, JAGC, were on the pleadings for appellant.

Colonel James Kucera, JAGC, Lieutenant Colonel Adrian J. Gravelle, JAGC, Lieutenant Colonel Thomas M. Curtis, JAGC, and Captain Michael W. Hoadley, JAGC, were on the pleadings for appellee.

Before MARDEN, PAULEY and WERNER, Appellate Military Judges.

## OPINION OF THE COURT

MARDEN, Senior Judge:

Appellant was convicted, in accordance with his pleas, of two specifications of assault and one specification of communicating a threat, in violation of Articles 128 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 928 and 934 (1982). He was sen-tenced to a dishonorable discharge, forfeiture of all pay and allowances, confinement at hard labor for three years, and reduction to the lowest enlisted grade.

A post-trial review of the case was prepared and signed by the staff judge advocate on 12 September 1983. In accordance with *United States v. Goode*, 1 M.J. 3 (CMA 1975), a copy of this review was served on appellant's counsel who prepared and signed a three-page rebuttal, which addressed three matters: (1) a new allegation by appellant that the court lacked jurisdiction to try appellant because the record failed to demonstrate that the officer who referred appellant's case to trial by general court-martial was the commander and general court-martial convening authority on the date this referral occurred; (2) the failure of the review to reflect that the military judge dismissed the Additional Charge and its two specifications on the grounds of multiplicity; and (3) appellant's emphasis that Sergeant First Class "J", in testifying during presentencing proceedings rated appellant as an above average, rather than average, soldier. Supplemental written comments addressing these three matters were signed on 14 October 1983 by another officer "for" the staff judge advocate over his signature block. On that same date the convening authority took action and approved the adjudged sentence.

■ Appellant asserts that the supplemental post-trial review is fatally deficient in that it is signed by another person "for" the staff judge advocate. *See United States v. Gray*, 14 M.J. 816, 819 (ACMR 1982); *United States v. Self*, 44 C.M.R. 612, 614 (ACMR 1971). The Government, on the other hand, argues that a supplemental post-trial review is not an absolute right of an appellant. *United States v. Rodriguez*, 9 M.J. 829, 830 (ACMR), *pet. denied*, 9 M.J. 415 (CMA 1980), and attempts to distinguish that document from the post-trial review in this case. Accordingly, our first task is to decide if a supplemental post-trial review is subject to the

same rules regarding signature as an initial post-trial review.[1] We decide that it is.

■ Article 60, Uniform Code of Military Justice, 10 U.S.C. § 860, assigns the convening authority, most often a non-lawyer, the judicial duty to initially review and take action on those courts-martial convened by him. Before acting on a general court-martial,[2] he must refer it to his staff judge advocate for the latter's written review and advice. Article 61, Uniform Code of Military Justice. The primary purpose of the post-trial review is to advise the convening authority on the legal posture of the case as the basis for his required statutory action on the findings and sentence. To characterize the supplemental post-trial review (often called an addendum) as an independent document from the original post-trial review and subject it to different rules on the point in question defies logic and is contrary to the purpose set forth above. The convening authority uses both parts of the post-trial review to decide what action to take on a case [3] and is entitled to the advice of his staff judge advocate or acting staff judge advocate as opposed to some person signing "for" the former. Accordingly, we find error in the procedures followed in this case.

■ The trend of the Army Court of Military Review in recent cases cited to us by appellant's counsel has been to reverse and order a new review and action in such cases, usually without comment. However, the Court in *United States v. Self, supra,* the leading case in this area, held that, although there was no requirement for a post-trial review to be signed, the absence of the staff judge advocate's signature on the post-trial review was error,

but not prejudicial error, albeit to any substantial right of the appellant; thus no corrective action was required.[4] We perceive the purpose of such a signature is to act as an authentication, and as such is procedural in nature. It is not incumbent on us to grant appellant substantive relief where a procedural rule confers no benefit upon him. *Cf. United States v. Foust,* 17 M.J. 85, 87 (CMA 1983); *United States v. Perry,* 14 M.J. 856, 860 (ACMR 1982).

In this particular case, given the nature of trial defense counsel's comments and those made in the supplemental post-trial review, and the fact that the staff judge advocate signed the original post-trial review, we find no prejudice. *United States v. Kincheloe,* 14 M.J. 40 (CMA 1982); *United States v. Curry,* 15 M.J. 701 (ACMR 1983); *United States v. Shy,* 10 M.J. 582 (ACMR 1980); *pet. denied,* 10 M.J. 344 (CMA 1981).

Accordingly the findings of guilty and the sentence are affirmed.

Judge PAULEY and Judge WERNER concur.

---

1. Obviously, since we are dealing with a supplement, all the rules regarding post-trial reviews do not apply in the same manner and way. *See United States v. Narine,* 14 M.J. 55 (CMA 1982).

2. The staff judge advocate must also write advices on bad-conduct discharge special courts-martial which include a bad-conduct discharge in the sentence.

3. It is recognized that under some circumstances a convening authority may be orally briefed.

*United States v. Curry,* 15 M.J. 701 (ACMR 1983), sets forth the rationale for an accurate written review in such cases.

4. We note the history of the requirements for signatures on such documents and the changes in the law since *United States v. Self,* 44 C.M.R. 612 (ACMR 1971). We expressly do not decide whether the signature of the staff judge advocate is currently required and whether we must re-examine the case law in this area.