UNITED STATES, Appellee,

v.

Private E1 Marcus D. SIMPSON, 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, United States Army, Appellant.

ACMR 9002897.

U.S. Army Court of Military Review.

10 Dec. 1991.

For Appellant: Captain James M. Heaton, JAGC, Captain Emmett G. Wells, JAGC (on brief).

For Appellee: Colonel Dayton M. Cramer, JAGC, Lieutenant Colonel Daniel J. Dell'Orto, JAGC, Major Joseph C. Swetnam, JAGC, Major Kenneth T. Grant, JAGC, Captain Samuel J. Smith, Jr., JAGC (on brief).

Before JOHNSON, WERNER and GRAVELLE, Appellate Military Judges.

## OPINION OF THE COURT

GRAVELLE, Judge:

Pursuant to his pleas, the appellant was found guilty of absence without leave terminated by apprehension, failure to repair (2 specifications), failure to obey an order (two specifications), larceny, wrongful appropriation (two specifications), assault consummated by battery, breach of restriction, and making a false leave authorization, in violation of Articles 86, 92, 121, 128, and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 886, 892, 921, 928, and 934 (1982) [hereinafter UCMJ]. A military judge, sitting as a general court-martial, sentenced the appellant to a bad-conduct discharge, confinement for thirty-three months, and forfeiture of all pay and allowances. The convening authority approved the adjudged sentence.

Appellate defense counsel originally submitted this case to the court on its merits. We specified the following two issues:

WHETHER THE COMMANDER, 56TH FIELD ARTILLERY [COMMAND] LACKED AUTHORITY TO TAKE ACTION IN THIS CASE IN THE ABSENCE OF EVIDENCE IN THE RECORD SHOWING COMPLIANCE WITH R.C.M. 1107(a).[1] *SEE* R.C.M. 1107(a), DISCUSSION, AND *UNITED STATES v. GATES*, 21 M.J. 722 (A.C.M.R.1985).

WHETHER R.C.M. 1106(a), REQUIRING THAT A CONVENING AUTHORITY TAKE ACTION ONLY AFTER RECEIVING THE POST–TRIAL RECOMMENDATION OF "THAT CONVENING AUTHORITY'S STAFF JUDGE ADVOCATE," HAS BEEN COMPLIED WITH IN THIS CASE.

We hold that the Commander, 56th Field Artillery Command had authority to take action in this case and received advice from his staff judge advocate in conformity with Article 60, UCMJ, 10 U.S.C. § 860, and R.C.M. 1107(a) prior to taking action.

I.

On 4 October 1990, the Commander, VII Corps, a general court-martial convening authority, referred charges against the appellant to a general court-martial. Part IV of the charge sheet and Court–Martial Convening Order Number 14 memorialize that referral. Following completion of trial, the

---

1. Manual for Courts–Martial, United States, 1984, Rule for Courts–Martial 1107(a) [hereinafter R.C.M.].

staff judge advocate, VII Corps, prepared a post-trial recommendation pursuant to R.C.M. 1106, recommending that the VII Corps commander approve the adjudged sentence. The defense counsel, pursuant to R.C.M. 1105, submitted clemency matters addressed to "Commander, Headquarters, VII Corps Base/56th Field Artillery Command." The staff judge advocate, 56th Field Artillery Command, thereafter prepared two separate addenda to the VII Corps staff judge advocate's post-trial recommendation. In January 1991, the Commander, 56th Field Artillery Command, took final action in this case, approving the sentence as adjudged.

There is contained in the record an order signed by the Secretary of the Army designating the Commander, 56th Field Artillery Command, as a general court-martial convening authority, effective 11 December 1990. However, there is no explanation in the record of trial why, by whom, and for what reason the appellant's court-martial was transferred from the VII Corps commander to the commander of the 56th Field Artillery Command. Similarly, there is no explanation in the record as to why the staff judge advocate, VII Corps, prepared the post-trial recommendation prior to the Commander, 56th Field Artillery Command, taking action in the case.

 In response to our specified issues, the government has proffered a number of documents which, *inter alia*, show that effective 18 January 1991, the Commander, 56th Field Artillery Command assumed command over all residual VII Corps units not deploying for Operation Desert Shield/Storm. The residual units were designated VII Corps Base effective 15 December 1990. Through a change to United States Army Europe Regulation 27–10, the Commander, 56th Field Artillery Command assumed general court-martial area jurisdiction over these VII Corps units, effective upon deployment of the Commander, VII Corps. We take judicial note that the Commander, VII Corps, Lieutenant General

Franks, deployed with his corps to Saudi Arabia prior to the beginning of the war against Iraq in January 1991.

## II.

Article 60(d), UCMJ, states:

Before acting under this section on any general court-martial case or any special court-martial case that includes a bad-conduct discharge, the convening authority or other person taking action under this section shall obtain and consider the written recommendation of his staff judge advocate or legal officer. The convening authority or other person taking action under this section shall refer the record of trial to his staff judge advocate or legal officer, and the staff judge advocate or legal officer shall use such record in the preparation of his recommendation. . . .

Rule for Courts–Martial 1107 states:

(a) *Who may take action.* The convening authority shall take action on the sentence and, in the discretion of the convening authority, the findings, unless it is impracticable. If it is impracticable for the convening authority to act, the convening authority shall, in accordance with such regulations as the Secretary concerned shall prescribe, forward the case to an officer exercising general court-martial jurisdiction who may take action under this rule.[2]

The discussion following R.C.M. 1107 states, *inter alia:*

It would be impracticable for the convening authority to take initial action when, for example, . . . a command has been alerted for immediate overseas movement. . . .

If the convening authority forwards the case to an officer exercising general court-martial jurisdiction for initial review and action, the record should include a statement of the reasons why the convening authority did not act.

2. To our knowledge, the Secretary of the Army has not prescribed specific rules regarding the forwarding of court-martial cases.

*See also United States v. Delp*, 31 M.J. 645, 647 (A.F.C.M.R.1990) (the same convening authority, or an authorized substitute, must both convene and take initial action on courts-martial); *Gates*, 21 M.J. 722, 724 (the record of trial must be sent for action to the person exercising general court-martial jurisdiction over the accused at the time the court was convened or to that person's successor in command).

■ It is clear from the plain wording of R.C.M. 1107 and case law that the same officer who convened a court-martial and referred a case to trial must take initial action on that case. The only exception is that an authorized substitute, such as a successor in command, may take action. When an authorized substitute takes action, the reasons should be documented in the record. No such reasons have been included in the record of the case before us.

We find that, in compliance with the guidance attached to R.C.M. 1107, reasons why the Commander, 56th Field Artillery Command took action in this case should have been included in the record. The appellate exhibits proffered by the appellate government counsel convince us that the provisions of R.C.M. 1107(a) have been satisfied in this case and that the Commander, 56th Field Artillery Command was an "authorized successor" within the meaning of R.C.M. 1107. Accordingly, we hold that the Commander, 56th Field Artillery Command had authority to take action in this case, and did so for proper reasons.

### III.

Rule for Courts–Martial 1106 provides in pertinent part:

(a) *In general.* Before the convening authority takes action under R.C.M. 1107 on a record of trial by general court-martial ... *that convening authority's staff judge advocate ... shall ... forward to the convening authority a recommendation under this rule (emphasis added).

3. *Gray, Kema,* and other opinions written prior to 1983 actually refer to Article 61, UCMJ, 10 U.S.C. § 861, in discussing the requirement that a convening authority consider the advice of his

This subsection is based on Article 60(d), UCMJ, and is similar to, Manual for Courts–Martial, United States, 1969 (Rev. ed.), para. 85c. *See* R.C.M. 1106(a) analysis, app. 21.

■ It is clear that the Congress intended that the convening authority receive the advice of his most seasoned military lawyer. *United States v. Gray*, 14 M.J. 816, 818 (A.C.M.R.1982), citing *United States v. Kema*, 27 C.M.R. 346 (C.M.A.1959). When the staff judge advocate is absent, the automatic assumption of legal duties by an "acting staff judge advocate" has been recognized as acceptable compliance with Article 60.[3] *Id.* In situations where a person not the "acting staff judge advocate" prepares the post-trial recommendation, Article 60 is not fulfilled unless the staff judge advocate approves and adopts the recommendation as his own. *Kema*, 27 C.M.R. 346; *United States v. Callahan*, 27 C.M.R. 230 (C.M.A.1959); *Gray*, 14 M.J. 816. *See also United States v. Reed*, 19 M.J. 764 (A.C.M.R.1984), *pet. denied*, 21 M.J. 27 (C.M.A.1985) (improper for someone to sign the recommendation "for" the staff judge advocate).

■ In the present case, the VII Corps staff judge advocate prepared and signed the original post-trial recommendation and the Commander, 56th Field Artillery Command took action in the case. Thus, the original post-trial recommendation was provided by a staff judge advocate not the staff judge advocate of the convening authority who took action in the case. Without more, we would find error and require a new recommendation and action.

However, following preparation of the original recommendation and before submission of it to the convening authority, two addenda to that recommendation, signed by the 56th Field Artillery Command staff judge advocate, were added to the decision packet. While the staff judge advocate did not specifically say in his addenda that he was adopting the contents of

staff judge advocate before taking action. In 1983, Congress incorporated this requirement into Article 60.

the original recommendation as his own, we find that the addenda had that clear purpose and effect. In the initial addendum, the staff judge advocate enclosed clemency matters submitted by the defense counsel, corrected a minor error in the background information listed in the original recommendation, and restated his adherence to the original recommendation to approve the sentence as adjudged. The second addendum corrects an error in the computation of credit given for pretrial confinement and again adheres to the original recommendation. Under the circumstances, we are satisfied that the convening authority did receive the advice of *his* staff judge advocate in this case. We find substantial compliance with Article 60(d), UCMJ, and R.C.M. 1106(a). The second specified issue is answered in the affirmative.

■ Assuming, *arguendo*, that the procedure employed here constituted error, we find no prejudice to the appellant. The contents of the recommendation, as corrected by the addenda, are accurate and complete, and all matters submitted by the appellant were properly brought to the convening authority's attention prior to his action in the case. Preparation of a new recommendation, under the circumstances, would be an unnecessary act. *See e.g. United States v. Dempsey*, 1 M.J. 835, 840 (A.F.C.M.R.1976).

The remaining issues, including those raised personally by the appellant, are without merit.

The findings of guilty and the sentence are affirmed.

Senior Judge JOHNSON and Judge WERNER concur.