## UNITED STATES

### v.

**James REILLY, 143 64 7401, Electronics Technician Third Class (E–4), U.S. Navy.**

**NMCM 90 3481S.**

U.S. Navy–Marine Corps Court of Military Review.

22 Jan. 1993.

---

Maj G.S. Warner, USMC, Appellate Defense Counsel.

LtCol John P. Cotter, USMCR, Appellate Defense Counsel.

CAPT Fred A. Vacca, JAGC, USNR, Appellate Defense Counsel.

LT Richard J. Huber, JAGC, USNR, Appellate Government Counsel.

Before DAVID C. LARSON, C.J., and STRICKLAND and ORR, Senior Judges.

ORR, Senior Judge:

The appellant was initially charged with two specifications of stealing over $5,000.00 of U.S. Navy property in violation of Article 121, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 921. Consistent with his pleas, the appellant was convicted of the lesser included offenses of wrongfully appropriation. A military judge, sitting alone, sentenced the appellant to confinement for 90 days, reduction to pay grade E–1, and a bad-conduct discharge. Before this Court, the appellant raises three assignments of error,[1] and we specified an additional issue. We shall address the specified issue first.

### I.

We specifically asked the Government to address the question whether Rule for Courts–Martial (R.C.M.) 1106(a) was complied with in this case. We raised this issue because the post-trial action was taken by the area coordinator, an officer exercising general court-martial jurisdiction, for the original convening authority whose command had been disestablished. *See* Rule for Courts–Martial (R.C.M.) 1107(a); Manual of the Judge Advocate General (JAG Manual), JAGINST 5800.7C of 3 Oct. 1990, section 0151b(1). That disestablishment occurred after we returned the record

of trial for clarification of ambiguity in the previous attempts to take action on the case. *United States v. Reilly,* No. 90 3481R (N.M.C.M.R. 15 August 1991); *United States v. Reilly,* No. 90 3481 (N.M.C.M.R. 22 January 1991). The officer exercising general court-martial jurisdiction acted in reliance on the recommendation of the original convening authority's legal officer and, from all appearances, did not obtain a separate recommendation or the endorsement or adoption of that initial recommendation by his own staff judge advocate.

R.C.M. 1106(a) provides, in applicable part: "Before the convening authority takes action under R.C.M. 1107 on ... a record of trial by special court-martial which includes a sentence to a bad-conduct discharge, that convening authority's staff judge advocate or legal officer shall ... forward to the convening authority a recommendation under this rule." R.C.M. 1106(a) is based upon the Article 60(d), UCMJ, 10 U.S.C. § 860(d), which states, in applicable part:

Before acting under this section on ... any special court-martial case that includes a bad-conduct discharge, the convening authority or other person taking action under this section shall obtain and consider the written recommendation of his staff judge advocate or legal officer. The convening authority or other person taking action under this section shall refer the record of trial to his staff judge advocate or legal officer, and the staff judge advocate or legal officer shall use

---

1. I. THE SUBSTITUTE CONVENING AUTHORITY HAS CONSIDERED ADVERSE MATTER OUTSIDE THE RECORD PRIOR TO TAKING ACTION WITHOUT REFERRING SUCH MATTER TO APPELLANT FOR COMMENT.

II. THE COURT–MARTIAL HAD NO JURISDICTION BECAUSE THE MILITARY JUDGE'S LACK OF A FIXED TERM OF OFFICE LEFT THE MILITARY JUDGE INSUFFICIENTLY INDEPENDENT TO SATISFY THE FIFTH AMENDMENT'S DUE PROCESS CLAUSE. *But see United States v. Graf,* 32 M.J. 809 (N.M.C.M.R.1990), *petition granted,* 34 M.J. 169 (C.M.A.1991). BECAUSE THE ERROR IS JURISDICTIONAL AND THE RECORD CONTAINS NO EVIDENCE OF A *KNOWING* WAIVER OF AP-

PELLANT'S RIGHT TO AN INDEPENDENT MILITARY JUDGE, THE ISSUE IS NOT WAIVED EVEN THOUGH IT WAS NOT RAISED AT TRIAL. [Footnote omitted.]

III. THE COURT–MARTIAL LACKED JURISDICTION BECAUSE APPELLANT'S MILITARY JUDGE WAS DESIGNATED IN VIOLATION OF THE APPOINTMENTS CLAUSE OF THE CONSTITUTION. *See generally* U.S. Const. Art. II, § 2, cl. 2; *Freytag v. Commissioner of Internal Revenue,* — U.S. —, 111 S.Ct. 2631, 115 L.Ed.2d 764 (1991); *but see United States v. Coffman,* 35 M.J. 591 (N.M.C.M.R.1992). BECAUSE THIS ERROR IS JURISDICTIONAL, THE ISSUE IS NOT WAIVED EVEN THOUGH IT WAS NOT RAISED AT TRIAL. [Footnote omitted.]

such record in the preparation of his recommendation....

■ In his action, the officer exercising general court-martial jurisdiction stated that he considered the recommendation from the original convening authority's legal officer. That officer was not a lawyer. *See* Article 1(12), UCMJ, 10 U.S.C. § 801(12). R.C.M. 1106(c) permits a convening authority who has a legal officer but wants the recommendation of a staff judge advocate to request the designation of a staff judge advocate to prepare the recommendation. The U.S. Court of Military Appeals has construed R.C.M. 1106(c) and Article 60(d), UCMJ, as giving "convening authorities the discretion to decide whether, under the circumstances of a particular case, a recommendation from the command's 'legal officer' will suffice or whether, instead, the recommendation of a 'staff judge advocate' should be obtained...." *United States v. Curry*, 28 M.J. 419, 422 (C.M.A.1989). *See also United States v. Payne*, 22 M.J. 592 (C.G.C.M.R.), *petition denied*, 23 M.J. 175 (C.M.A.1986). In this case, however, the substitute convening authority has a staff judge advocate, as evidenced by that officer's promulgation of the court-martial order, who does not appear to be in any way disqualified, yet the substitute convening authority relied upon the post-trial recommendation of a non-lawyer legal officer who was not a member of his command.

Our Army brethren have addressed a similar situation where a post-trial recommendation was prepared by the convening authority's staff judge advocate and forwarded to a successor convening authority following the deployment of the original convening authority. The successor acted on the case utilizing that initial recommendation and two addenda by his own staff judge advocate. The Army Court opined that without the two addenda, "we would find error and require a new recommendation and action." *United States v. Simpson*, 33 M.J. 1063, 1066 (A.C.M.R. 1991). This conclusion was based upon their determination that:

[i]t is clear that the Congress intended that the convening authority receive the advice of his most seasoned military lawyer.... In situations where a person not the "acting staff judge advocate" prepares the post-trial recommendation, Article 60 is not fulfilled unless the staff judge advocate approves and adopts the recommendation as his own....

*Id.* (citations omitted).

While we are not persuaded that the test for prejudice is "inapplicable to the interlocutory resolution of a post-trial matter" as the appellant maintains, we note that the recommendation the successor convening authority relied upon does not actually contain a recommendation as required by R.C.M. 1106(c)(3)(E). Although the trial defense counsel did not comment or otherwise object to the "recommendation" on that grounds, we decline to apply waiver. In summary, the present post-trial posture of this case is that a successor convening authority took his action without referring the record of trial to his own staff judge advocate but, instead, relied upon the recommendation of a non-lawyer legal officer from a disestablished command which actually contains no recommendation. We conclude that another effort to take a clear and correct action on this case is necessary.

## II.

■ Although our resolution of the specified issue would usually preclude the need to address other matters, the appellant's first assignment of error also concerns a post-trial matter, and in light of the problems already encountered in this case, we shall comment briefly on that claim of error. The adverse matter the appellant complains of in his first assignment is a sworn statement from the officer who originally convened this court-martial in which she states that in her two previous attempts to take action on this case, she intended to approve the sentence as adjudged, including the bad-conduct discharge. Under R.C.M. 1107(b)(3)(B)(iii), "if the convening authority considers matters adverse to the accused from outside the record, with knowledge of which the ac-

cused is not chargeable, the accused shall be notified and given an opportunity to rebut." In this case, however, the successor convening authority expressly stated that he did not rely on the original convening authority's expressed intention and made his determination to approve the bad-conduct discharge independently. Consequently, even if we considered the original convening authority's statement to be adverse matter, the condition specified in R.C.M. 1107(b)(3)(B)(iii) has not been met and the right to notification and the opportunity to rebut did not arise.

### III.

The appellant's second and third assignments of error, raising jurisdictional questions in the first instance, are also without merit. *See United States v. Graf*, 35 M.J. 450 (C.M.A. 1992); *United States v. Weiss*, 36 M.J. 224 (C.M.A. 1992); *United States v. Coffman*, 35 M.J. 591 (N.M.C.M.R.1992) (per curiam).

Accordingly, the successor convening authority's action of 13 January 1992 is set aside, and the record of trial is returned to the Judge Advocate General for submission to the same successor convening authority or another appropriate convening authority for a new action following referral of the record of trial to a staff judge advocate for a correct post-trial recommendation.

Chief Judge LARSON and Senior Judge STRICKLAND concur.