**UNITED STATES, Appellee,**

v.

**Private E1 Richard GAVITT, 088–70–3579, United States Army, Appellant.**

**ACMR 9200764.**

U.S. Army Court of Military Review.

18 June 1993.

For Appellant: Major Robin L. Hall, JAGC, Captain Thomas D. Wight, JAGC (on brief).

For Appellee: Colonel Dayton M. Cramer, JAGC, Lieutenant Colonel Joseph A. Russelburg, JAGC, Major Kenneth T. Grant, JAGC, Captain R.W. Clark, JAGC (on brief).

Before De GIULIO, BAKER and WALCZAK, Appellate Military Judges.

## OPINION OF THE COURT

WALCZAK, Judge:

The appellant was tried by a general court-martial consisting of officer members in Berlin, Germany. Pursuant to his pleas, he was convicted of failure to go to his appointed place of duty, failure to obey a lawful order, robbery, and false swearing in violation of Articles 86, 92, 122, and 134 Uniform Code of Military Justice, [hereinafter UCMJ], 10 U.S.C. §§ 886, 892, 922, and 934 (1988). The appellant was sentenced to a dishonorable discharge, confinement for one year, and reduction to Private E1. The convening authority approved the sentence.

During our review of appellant's trial, we specifically asked the appellant and the government whether the rendering of a post-trial recommendation by a staff judge advocate not on the staff of the convening authority requires corrective action. We asked this question because the trial record failed to disclose the relationship of the author of the post-trial recommendation to the convening authority.

## I.

### Facts

During appellant's trial, the Staff Judge Advocate of the Berlin Brigade engaged in an ex parte communication with several members of the court-martial. The staff judge advocate's conduct resulted in his disqualification to review the record and render a post-trial recommendation. Acting on the advice of the regional defense counsel, the Staff Judge Advocate of the Berlin Brigade informally coordinated with the Staff Judge Advocate of the 3d Infantry Division for the preparation of the post-trial recommendation by the latter. However, the transfer of the responsibility to conduct the legal review and prepare the post-trial recommendation was not sanctioned by the convening authority or any other authority. The Staff Judge Advocate of the 3d Infantry Division prepared the post-trial recommendation and addendum to the recommendation for the convening authority, the Commander of the Berlin Brigade.

## II.

### The Staff Judge Advocate's Post–Trial Recommendation

■ Article 60(d), UCMJ, provides, in applicable part, that "[b]efore acting under this section on any general court-martial case ..., the convening authority or other person taking action under this section shall obtain and consider the written recommendation of *his* staff judge advocate or legal officer" [emphasis added]. Rule for Courts–Martial 1106(a) [hereinafter R.C.M.] mirrors Article 60(d), in applicable part: "Before the convening authority takes action under R.C.M. 1107 on a record of trial by general court-martial ..., that convening authority's staff judge advocate or legal advisor shall ... forward to the conven-

ing authority a recommendation under this rule." Both authorities are quite clear that the staff judge advocate of the convening authority's staff will prepare the post-trial recommendation. An interloper, even a staff judge advocate of another command, will not suffice. *See United States v. Simpson,* 33 M.J. 1063 (A.C.M.R.1991); *United States v. Reilly,* 36 M.J. 887 (N.M.C.M.R.1993).

Both Article 60, UCMJ, and R.C.M. 1106, provide that the staff judge advocate for the convening authority is to conduct the review and the preparation of the post-trial recommendation. *See also* UCMJ, art. 6(b) (which establishes a close and direct relationship between the convening authority and the staff judge advocate). This requirement has disqualified subordinate judge advocates from authoring the recommendation. *See United States v. Gray,* 14 M.J. 816 (A.C.M.R.1982) (post-trial review prepared by the deputy staff judge advocate, acting in his capacity as deputy, did not meet the requirements for a review by a staff judge advocate); *United States v. Reed,* 19 M.J. 764 (A.C.M.R.1984), (improper for someone to sign the recommendation "for" the staff judge advocate), *petition denied,* 21 M.J. 27 (C.M.A.1985); *United States v. Kema,* 10 U.S.C.M.A. 272, 27 C.M.R. 346 (C.M.A.1959).

 It is well-established that a staff judge advocate, who has testified at trial and may be required to review his own conduct, may be disqualified from reviewing the trial record and preparing the post-trial recommendation. *United States v. Choice,* 23 U.S.C.M.A. 329, 49 C.M.R. 663 (1975); Rule for Courts–Martial 1106 discussion [hereinafter R.C.M. 1106 discussion]; *see generally, United States v. Engle,* 1 M.J. 387 (C.M.A.1976). If the staff judge advocate is disqualified, the convening authority will either request the assignment of another staff judge advocate to prepare the post-trial recommendation or forward the record to another general court-martial convening authority. R.C.M. 1106(c). In the instant case neither was done. In his dissent, Judge De Giulio argues that, in the absence of evidence to the

contrary, a presumption of regularity should attach. He expresses the fear that this opinion could be interpreted to mean that an appointment document will be needed in records of trial to reflect proper association of the staff judge advocate to the convening authority. With these concerns we disagree.

To say that the presumption of regularity should control requires us to ignore clear evidence to the contrary contained in the trial record. Some twenty-five pages of the record as well as the detailed submission by the defense counsel pursuant to R.C.M. 1105 and the addendum to the staff judge advocate's post-trial recommendation clearly highlights the disqualification of the Staff Judge Advocate for the Berlin Brigade to render the post-trial recommendation in this case. More telling from the record of a lack regularity is the affidavit from the Staff Judge Advocate of the Berlin Brigade. He states that the transfer of appellant's case was informally arranged between judge advocates; i.e., they did not follow the procedures outlined in R.C.M. 1105. Although both the post-trial recommendation and the addendum are addressed to the Commander of the Berlin Brigade, they are both written on 3d Infantry Division stationery using 3d Infantry Division office symbols.

Since the 3d Infantry Division Staff Judge Advocate wrote on his office's 3d Infantry Division stationery, using his 3d Infantry Division office symbol, we will presume, absent some showing to the contrary, he was acting in his capacity as the 3d Infantry Division Staff Judge Advocate. We find no showing to the contrary in either the post-trial recommendation or its addendum.

 Once the issue of disqualification is raised, our mandate is to review the trial record for codal compliance with Article 60(d), UCMJ.

In cases where the issue is not raised, we agree with the dissent, that the presumption of regularity controls, and, absent evidence to the contrary, no additional orders or other memoranda are required to reflect a correct staff judge advocate-to-convening

authority affiliation. However, in the instant case, the breach of this affiliation is clearly at issue.

■ The dissent next contends that, even if there is error, the error is harmless because of the lack of a showing of prejudice to the appellant. However, this position fails to distinguish *United States v. Gray* and its progeny, where legal advice was rendered to the convening authority by lawyers other than the staff judge advocate. 14 M.J. 816. *Gray* did not test for prejudice, but rather held that the requirement for the convening authority's staff judge advocate is statutory (Article 60(d), UCMJ) and the remedy for its violation is a new review and action. Accordingly, a new review and action are required in this to conform to the mandates of Article 60, UCMJ.

The action of the convening authority, dated 10 July 1992, is set aside. The record of trial will be returned to The Judge Advocate General for a new action by the same or different convening authority in accordance with Article 60(c)–(e), UCMJ.

Judge BAKER concurs.

De GIULIO, Senior Judge dissenting:

I dissent for several reasons. I do not believe there is error in this case.[1] The majority is too quick to set aside the convening authority's action.[2] Apparently, my brothers would require an order or writing in the record of trial which would designate the Staff Judge Advocate of the 3d Infantry Division, Colonel Beardall,[3] as the Staff Judge Advocate for the Berlin Brigade in this case. There is no doubt that such a writing would make the matter perfectly clear. After the decision of the majority in this case, a writing assigning an officer as the staff judge advocate is probably required. It seems to me that this is a "first" in this area of the law. If this court is to apply that rule, it should be applied in every case; i.e., there should be an order or some writing in the record of trial which designates to that position the person who purports to act as a staff judge advocate or a legal officer. Otherwise, there would be no proof that the Manual provision was followed.

In the several thousand cases I have reviewed since I have been an appellate judge, I have yet to find one order or writing designating the person who prepares the recommendation as the staff judge advocate for that particular convening authority. This court routinely affirms those cases without further inquiry. I suggest the reason is that regularity is presumed unless there is evidence to the contrary.

In this case, the convening authority took action after receiving the staff judge advocate's recommendation. I am sure he had been told that there was a reason that some other lawyer was providing him the required advice on this matter. As with most general officers, he relied on the member of his staff with expertise in the area to get the job done. Colonel Beardall was a staff judge advocate of a neighboring jurisdiction. He was asked to prepare a recommendation for this convening authority. He did so. The convening authority, if normal practice is followed, had the recommendation before him when he signed the action. He knew who was act-

---

1. The majority cites *United States v. Simpson,* 33 M.J. 1063 (A.C.M.R.1991) to support the position that there is error in this case. That part of *Simpson* is obiter dictum. The majority opinion also cites *United States v. Reilly,* 36 M.J. 887 (N.M.C.M.R.1993). *Reilly* relies on the obiter dicta in the *Simpson* case.

2. The author of the lead opinion apparently believes I take issue with the disqualification of the original staff judge advocate. I do not. My application of the presumption of regularity applies to Colonel Beardall's recommendation. I believe you must presume that he was properly designated. I wonder which stationery the offi-

cer is expected to use? To me, the use of the 3d Infantry Division letterhead stationery does not destroy the presumption *because it is addressed to the convening authority,* the Commander of the Berlin Brigade. Relying on the fact that the recommendation was prepared on 3d Infantry Division stationery in an attempt to destroy the presumption of regularity, illustrates the imaginary thread from which hangs the majority opinion.

3. Colonel Beardall's replacement signed an addendum to the recommendation.

ing as his staff judge advocate for this case. My brother judges elect to ignore these practicalities. Under these circumstances, this court should presume regularity. *See United States v. Moschella,* 20 U.S.C.M.A. 543, 546, 43 C.M.R. 383, 386 (1971) (absent a contrary indication, authority to sign may be presumed); *United States v. Masusock,* 1 U.S.C.M.A. 32, 35, 1 C.M.R. 32, 35 (1951) (absent evidence to the contrary, it is presumed that Army officials carry out their administrative duties properly); *United States v. Andrews,* 1 C.M.R. 162 (A.B.R.1951) (presumption of regularity in the conduct of government affairs and it may be presumed that an officer signing a document acted within his authority). There is no evidence of failure to comply with R.C.M. 1106(c)(1)(A).

Even assuming error, the Regional Defense Counsel, acting on behalf of the appellant, suggested that the Staff Judge Advocate of the 3d Infantry Division prepare the recommendation. There is some indication in an appellate exhibit before us that the defense considered him to be more favorable to them than other staff judge advocates in the area. Having received what defense counsel requested on behalf of appellant, he should not now be heard to complain. *See United States v. Klinko,* 36 M.J. 840, 844 (A.C.M.R.1993).

It is noted that appellant did not object to Colonel Beardall's preparation of the recommendation. Failure to object to the recommendation waives the issue. R.C.M. 1106(f)(6); *United States v. Martinsmith,* 37 M.J. 665, 666 (A.C.M.R.1993); *cf. United States v. Yates,* 28 M.J. 60, 61 (C.M.A.1989) (belated assertion questioning who could convene the court speculative); *United States v. Jette,* 25 M.J. 16, 19 (C.M.A.1987) (Everett, C.J., concurring) (omissions in documentation and noncompliance with procedures which initially went unnoticed should not vitiate action taken in good faith).

The majority correctly relies upon *United States v. Kema,* 10 U.S.C.M.A. 272, 27

C.M.R. 346 (1959) and *United States v. Reed,* 19 M.J. 764 (A.C.M.R.1984) *petition denied,* 21 M.J. 27 (C.M.A.1985), for the proposition that it was error for someone other than the staff judge advocate to prepare the post-trial review. In *Kema* an assistant prepared and signed the review, and the staff judge advocate concurred. In *Reed,* another officer signed "for" the staff judge advocate. Although relying on the parts of those cases which find error, the majority ignores the fact that the error in both cases was tested for prejudice, and no harm was found to the appellant in either case. *See Kema,* 27 C.M.R. at 275; *Reed,* 19 M.J. at 766. Further, they fail to note that in *Simpson* the court assumed error, tested for prejudice, and found none.[4]

In this case, even assuming error, the error must be tested for prejudice. Here, the officer who signed the post-trial recommendation was a staff judge advocate. His recommendation meets the purpose and all the requirements of R.C.M. 1106(d). My brother judges ignore this requirement. They truly put form over substance. I find no prejudice to appellant. Consequently, I would not set aside the convening authority's action and would not return the case for a new recommendation and action.

---

**4.** I fail to understand the lead opinion's reference to *Gray* and its progeny. Both *Reed* and *Simpson* were decided after *Gray.* Both test for prejudice. As I understand the application of precedent, *Reed* and *Simpson* are controlling in this respect. Further, in *Gray,* the staff judge advocate was not disqualified to act. *Gray* simply is not the father of *Reed* and *Simpson.*