SEFTON, Senior Judge:
We have examined the record of trial, the assignments of error,[1] the Government’s response, and appellant’s final rejoinder. We also heard the excellent expositions of the positions of both appellant and the Government in oral argument. Based on our careful consideration of the record and each of the matters addressed above, we conclude that the findings and sentence are correct in law and fact and that no error materially prejudicial to appellant’s substantial rights was committed. Art. 59(a) and 66(c), Uniform Code of Military Justice, 10 U.S.C. §§ 859(a) and 866(c) (1994) [hereinafter UCMJ],
Appellant was tried on 18 July, 28 August, and 4 September 1997 by a military judge sitting alone as a general court-martial. Pursuant to his provident pleas of guilty, he was convicted of an unauthorized absence, violation of a general order, two specifications of selling military property, three specifications of wrongful use of methamphetamine, and larceny of military property in violation of Articles 86, 92, 108, 112a, and 121, UCMJ, 10 U.S.C. §§ 886, 892, 908, 912a, and 921. He was sentenced to be confined for five years, to forfeit all pay and allowances, to be reduced to pay grade E-l, and to be dishonorably discharged from the Naval service. The convening authority approved the sentence as adjudged on 10 March 1998, suspending all confinement in excess of 48 months for a period of 12 months from the date of trial and all forfei *844 tures in excess of $1,000 per month for six months, for a period of six months from the date of his action in accordance with the pretrial agreement.
Sentence Appropriateness
Appellant contends that his approved sentence is inappropriately severe. He points to his confession of his wrongdoing, pleas of guilty, and prior meritorious conduct and performance over a career that spanned nearly 19 years of active service to support his contention. Our review of the record clearly supports appellant’s position that his previous service was indeed long and meritorious, and also that, once caught, he demonstrated remorse and cooperated in the investigation.
On the other hand, appellant’s age, experience, military grade, and longevity of service had resulted in his being placed in a position of trust and confidence. His repeated and methodical looting of the very Government stores he had been posted to guard against theft evidences a persistent pattern of deceit and betrayal of the trust accorded him, which is nothing short of dishonorable. Even beyond the theft of substantial amounts of Government cable is the fact that the thefts became his personal “cash cow,” as he sold the stolen cable to various scrap dealers in Hawaii. His thefts and sales for profit of his ill-gotten gains disincline us to find any portion of his sentence inappropriate based on these offenses alone.
The thefts and sale of stolen Government property do not, however, stand alone. Appellant also unlawfully used drugs on three separate occasions and became an unauthorized absentee— hardly marks of honor in their own right. We further note that appellant bargained for, and benefited from, his negotiated plea agreement, which reduced the confinement imposed on him by a year.
We have no doubt that appellant received the individualized consideration required by law of the offenses of which he was convicted and of himself, as the offender. United States v. Snelling, 14 M.J. 267, 268 (C.M.A.1982). We specifically find a dishonorable discharge appropriate under the facts and circumstances of this ease. Rule for Courts-Martial 1003(b)(9)(B), Manual for Courts-Martial, United States (1995 ed.) [hereinafter R.C.M.]. The issue is without merit.
The Multiplicity Issue
Appellant next complains that his pleas of guilty to both stealing Government property and then selling the property cannot stand because they are multiplicious. He asks that we therefore dismiss Charge III and its specifications, and reassess the sentence accordingly. We disagree.
While appellant cites the correct binding authorities in this area in his pleading before us, we find that he misapplies them. Selling military property is not a lesser included offense of stealing it. Manual for Courts-Martial, United States (1995 ed.), Part IV, 1146d [hereinafter MCM]; see United States v. Oatney, 45 M.J. 185 (1996). Each requires proof of an element not required to prove the other. United States v. Foster, 40 M.J. 140 (C.M.A.1994); United States v. Teters, 37 M.J. 370 (C.M.A.1993). Compare MCM, Part IV, 1146b, with MCM, Part IV, 1132b.
Finally, since the offenses are not facially duplicative, appellant forfeited the issue through his guilty pleas at trial in the absence of a motion for appropriate relief. See R.C.M. 905(e), 906(b), 907(b)(3); United States v. Lloyd, 46 M.J. 19, 23 (1997). See also United States v. Olano, 507 U.S. 725, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993); United States v. Toro, 37 M.J. 313, 316 (C.M.A.1993)(applying the Olano standard to military practice). The issue is without merit.
The Staff Judge Advocate’s Post-Trial Recommendation
Appellant finally contends, and posited both in briefs and at oral argument, that the staff judge advocate’s recommendation (SJAR) was prepared and signed by a person not statutorily authorized to do so. Art. 60(d), UCMJ, 10 U.S.C. § 860(d); R.C.M. 1106. He urges extension of our ruling in United States v. Cunningham, 44 M.J. 758 (N.M.Ct.Crim.App.1996)(en banc)(plain error found where post-trial recommendation *845 was prepared and signed by an enlisted person who met neither the statutory requirements for a legal officer nor those for a staff judge advocate).
At the outset, we voice our agreement with appellant that it was error for someone other than the staff judge advocate (SJA) or legal officer to prepare the post-trial recommendation. United States v. Kema, 10 C.M.A. 272, 27 C.M.R. 346, 1959 WL 3626 (1959); United States v. Reed, 19 M.J. 764 (A.C.M.R.1984). Absent plain error, however, appellant’s failure to comment on this matter waives it. R.C.M. 1106(f)(6).
With that premise, we emphasize that this case is not Cunningham. Here, the signatory of the SJAR was a commissioned officer in the Navy Judge Advocate General’s Corps, who, under circumstances not present in this case, might well have been an authorized signatory for an SJAR. She possessed the certification and statutorily-mandated skills, and was not specifically disqualified by regulation from preparing the SJAR in this case. R.C.M. 1106(b); United States v. Curry, 28 M.J. 419 (C.M.A.1989); Cunningham, 44 M.J. at 760. Therefore, two major distinguishing facts not apparent in Cunningham exist here: the signatory was a commissioned officer, and she was legally trained. Unfortunately, in this ease, she was not serving in an SJA billet (or acting for an absent SJA). The command’s duly assigned SJA was present, and had even participated in the post-trial process in this case, including discussions with the convening authority concerning his action.
The SJA decided that her Assistant SJA should do the SJAR work because of the latter’s purported greater familiarity with the case, owing to an earlier period of annual leave taken by the SJA. Such “job-sharing” has no place in the important post-trial process, especially since it is not provided for, or contemplated, in either the statutory language or that of the governing regulation. In a military organization, especially in situations specifically governed by statute or regulation, no “options” absolve those appointed to a post from performing their duties. The existence of error is therefore not subject to dispute. Such errors should be assiduously avoided by SJAs in the future.
We next necessarily assess the impact of such error, focusing on whether it impacted the substantial rights of appellant. Art. 59(a), UCMJ, 10 U.S.C. § 859(a). The Government asserts that since appellant has alleged and shown no prejudice and interposed no objection to the SJAR despite its indication on its face that the signatory was the “Assistant Staff Judge Advocate,” we would be judicial activists and scofflaws ignoring binding legal precedent to. find appellant’s failure to object or to show prejudice excused. The Government urges our reconsideration of Cunningham in light of the Supreme Court’s most recent plain error pronouncements in Johnson v. United States, 520 U.S. 461, 117 S.Ct. 1544, 137 L.Ed.2d 718 (1997). We decline to do so. In this instance, we do not have the same serious concerns upon which Cunningham was based. While we certainly do not endorse, nor even willingly condone, the actions of the SJA and Assistant SJA in this instance, we find no plain error. Had appellant articulated an objection below at the appropriate juncture, or were he able to demonstrate some prejudice to his substantial rights before us, we might rule otherwise. That is not the case before us, and we therefore find this assignment of error without merit as well.
Accordingly, we affirm the findings of guilty and the sentence, as approved on review below.
Judges LEO and ANDERSON concur.

. I. THE POST-TRIAL RECOMMENDATION PREPARED BY THE “ASSISTANT STAFF JUDGE ADVOCATE” FOR THE CONVENING AUTHORITY IN APPELLANT’S CASE FAILS TO SATISFY THE REQUIREMENT OF ARTICLE 60(d), UNIFORM CODE OF MILITARY JUSTICE [UCMJ], THAT SUCH A RECOMMENDATION BE PREPARED BY THE CONVENING AUTHORITY’S STAFF JUDGE ADVOCATE OR LEGAL OFFICER.
II. APPELLANT’S SENTENCE IS INAPPROPRIATELY SEVERE GIVEN THE PARTICULAR CIRCUMSTANCES OF HIS CASE.
III. CHARGE III AND BOTH SPECIFICATIONS THEREUNDER (ART. 108, UCMJ, SALE OF MILITARY PROPERTY) ARE MULTIPLI-CIOUS WITH CHARGE V AND THE SPECIFICATION THEREUNDER (ART. 121, UCMJ, LARCENY OF MILITARY PROPERTY[) ]. (Citations omitted.)