ORR, Senior Judge:
This case raises the question whether an officer exercising general court-martial jurisdiction can lawfully take the post-trial action under Article 60(c), Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 860(c) (Supp. 1990), and Rule for Courts-Martial (R.C.M.) 1107(a) when the subordinate officer who actually convened this court-martial, through some administrative oversight, never received the record of trial but was at all relevant times apparently ready, willing, and able to act on the case.
Consistent with his pleas, the appellant was found guilty of twice being disrespectful to his military superiors in violation of Articles 89 and 91, UCMJ, 10 U.S.C. §§ 889, 891, and was sentenced to confinement for 90 days, reduction to pay grade E-l, and a bad-conduct discharge. Although the court was convened by the Commanding Officer, Second Marines, Second Marine Division (hereinafter “CO, 2d Marines”), the convening authority’s action on the case was taken by the Commanding General, Second Marine Division (hereinafter “CG, 2d MarDiv”), who approved the sentence as adjudged and suspended the execution of all confinement in excess of 45 days in accordance with the terms of a pretrial agreement the appellant had concluded with the CO, 2d Marines. The record of trial was then forwarded to us for our review in accordance with Article 66, UCMJ, 10 U.S.C. § 866 (1988).
In his first assignment of error,[1] the appellant points out that the convening authority’s action was taken by the CG, 2d MarDiv, at the request of the Commanding Officer, Third Battalion, Second Marines, Second Marine Division (hereinafter “CO, 3/2”).[2] The written request is not included in the post-trial documents attached to the record of trial, but the letter is listed as an enclosure to an addendum to the staff judge advocate’s post-trial recommendation. The addendum is addressed to the CG, 2d MarDiv. The initial recommendation was addressed to the CO, 2d Marines, but the appellant’s trial defense counsel submitted a post-trial clemency request to the CO, 3/2. In the addendum, the staff judge advocate (SJA) ex *930 plained the readdressal by stating that the CO, 3/2, “has requested that the ... [CG, 2d MarDiv] take action in this ease ... due to his deployment.” No one seemed to notice that the CO, 3/2, did not convene this court-martial and his deployment was essentially irrelevant to the post-trial processing of this case.
It appears that at all relevant times throughout these proceedings, the appellant was assigned to the Third Battalion, Second Marines. Despite the requirements of R.C.M. 401,[3] however, no official explanation appears in the record as to why the CO, 2d Marines, convened this court-martial, but from the charge sheet and the appellant’s responses during the providence inquiry, it is apparent that the appellant’s battalion commander (CO, 3/2) became an accuser when the appellant was disrespectful to him while in his commanding officer’s presence and that disrespect became the subject of a charged offense.[4] That charged offense and several others were forwarded to the next superior officer in the appellant’s chain of command. The CO, 2d Marines, is that next superior.
After those charges were referred to this . court-martial and the trial completed, the record was apparently sent to the CO, 3/2, even though the SJA’s recommendation was addressed to the CO, 2d Marines. Rather than re-routing the record to the officer who convened the court,- the CO, 3/2, sent the record to the officer exercising general court-martial jurisdiction (OEGCMJ) over both commands, the CG, 2d MarDiv, who proceeded to take the post-trial action.
Consequently, we have a record which has been acted upon by a superior in command over the convening authority without any indication that the officer who actually convened the court was unavailable or otherwise unable to act on the ease. The Government argues, nevertheless, that Article 60, UCMJ, 10 U.S.C. § 860 (Supp.1990), is a broad grant of authority to review and take action on courts-martial and that the language in Article 60, as modified in 1983,[5] should be interpreted in light of the stated purpose of that modifying legislation to “streamline the pretrial and post-trial review process while not depriving military members of their fundamental rights.” Government Brief at 4-5 (citation omitted). To support this contention, the Government quotes from the legislative history of the 1951 version of the UCMJ when the Chairman of the Senate Committee of the Judiciary in 1949 stated: “The first review after the court-martial is the convening authority or his successor or any officer exercising general court-martial jurisdiction.” Id. at 3-4 (citation omitted).
Prior to enactment of the Military Justice Act of 1983, however, Article 60 simply stated: “After a trial by court-martial the record shall be forwarded to the convening authority, and action thereon may be taken by the person who convened the court, a commissioned officer commanding for the time being, a successor in command, or any officer exercising general court-martial jurisdiction.” 10 U.S.C. § 860 (1982). It is not surprising, therefore, that prior to 1983 a broad view of the authority to act on the record of trial may have existed since Article 60 as it was originally enacted only required that the record be forwarded to the convening authority. When it came to taking the initial action, any officer within the four categories specified could do so.
Article 60 was greatly expanded by the Military Justice Act of 1983, however, and the relevant portion of that Article now provides:
(c)(1) The authority under this section to modify the findings and sentence of a court-martial is a matter of command prerogative involving the sole discretion of the convening authority. Under regulations of the Secretary concerned, a commissioned *931 officer commanding for the time being, a successor in command, or any person exercising general court-martial jurisdiction may act under this section in place of the convening authority.
(2) Action on the sentence of a court-martial shall be taken by the convening authority or by another person authorized to act under this section____
10 U.S.C. § 860 (Supp.1990).
Implementing this aspect of Article 60 pursuant to his authority under Article 36(a), UCMJ, 10 U.S.C. § 836(a) (1988),[6] the President has promulgated R.C.M. 1107(a), which states: “The convening authority shall take action on the sentence ... unless it is impracticable. If it is impracticable for the convening authority to act, the convening authority shall ... forward the case to an officer exercising general court-martial jurisdiction who may take action under this rule.” (Emphasis added.) The Discussion following this Rule includes illustrations of what may be considered “impracticable” and also states that “[i]f the convening authority forwards the case to an officer exercising general court-martial jurisdiction for initial review and action, the record should include a statement of the reasons why the convening authority did not act.”
While discussions of the Rules for Courts-Martial are not binding, the Government argues that the “impracticable” requirement in the Rule, itself, and the implementing secretarial regulation in the Manual of the Judge Advocate General[7] are essentially “housekeeping” rules “serving no purpose other than to provide guidance to commanders through the post-trial process and assist them in taking action on results of courts-martial----” In support of this position, the Government cites the U.S. Court of Military Appeals decisions in United States v. Watson, 37 M.J. 166 (C.M.A.1993), and United States v. Jette, 25 M.J. 16 (C.M.A.1987).
Both of those decisions, however, addressed secretarial regulations and did not concern the application of regulations promulgated by the President. In addition, in Watson the Court was addressing a situation where the original convening authority specifically requested, albeit through the OEGCMJ in his chain of command, that the post-trial action be taken by a different OEGCMJ because it was impractical for the convening authority to act due to the deployment of both the convening authority and the OEGCMJ in his chain of command in support of Operation Desert Shield/Storm. 37 M.J. at 167. Consequently, the issue in Watson was solely whether there was a valid action when the OEGCMJ who acted on the case was not in the convening authority’s chain of command, as the secretarial regulation required. Id. In the case before us, the convening authority never requested anything because he never received the record of trial after it was authenticated.
The Army Court of Military Review considered a similar situation in United States v. Simpson, 33 M.J. 1063 (A.C.M.R.1991), when a general court-martial was convened by the Commander, VII Corps, but final action was taken by the Commander, 56th Field Artillery Command, and no explanation for the transfer appeared in the record. The Army Court concluded that the latter commander had authority to take action because that Court took judicial notice of information supplied by the Government during appellate review that showed that Commander, 56th Field Artillery Command, had assumed command over all residual VII Corps units that had not deployed as part of Operation Desert Shield/Storm. Id. at 1066.
*932 As the Government did in Simpson, the Government here has also submitted an affidavit from the officer who convened this court-martial, but rather than establishing any “impracticable” circumstance that would have affected the convening authority’s ability to act on the case as in Simpson or Watson, the affidavit here merely states that “the record of trial was erroneously submitted to the Commander, 2d Marine Division for action when it should have been sent to me.”[8] Consequently, we have before us a case not only where the convening authority never saw the record or knew that anyone was to act for him, but the information provided by the Government leads to the obvious inference that no impracticality existed that would have prevented the convening authority from acting on this case.
In Jette, the Court of Military Appeals declined to apply U.S. Air Force regulations affecting the authority of the Air Force officer who had convened the court-martial in that case and stated that “we are not justified in attaching jurisdictional significance to service regulations in the absence of their express characterization as such by Congress.” 25 M.J. at 18. Again, in United States v. Yates, 28 M.J. 60 (C.M.A.1989), the Court declined to apply a secretarial regulation concerning ascension to command and stated that “our primary concern in these cases is to effect the will of Congress---The realities of command, not unexecuted technical possibilities, best satisfy the purpose of these statutes.” Id. at 63. The question now, however, concerns a requirement in the regulations of the President and does not appear to invoke “the realities of command” relied upon in Yates and Watson, 37 M.J. at 168.
We decline to take the position advocated by the Government that R.C.M. 1107(a) can be disregarded so long as any OEGCMJ acts on the case. At a minimum, R.C.M. 1107(a) establishes the requirement that there must a practical reason for transferring a case from the control of the officer who convened the court to a superior after the trial has been held and precludes a superior from “plucking” a case out of the hands of the convening authority for an improper reason. When Congress amends a statute to add language stating that taking the post-trial action “is a matter of command prerogative involving the sole discretion of the convening authority” are we to say that Congress intended to make acting on the case so completely fungible that any OEGCMJ can act in place of the convening authority at any time — even when the convening authority is ready, willing, and able to act on the case himself? When the President uses such a mandatory word as “shall” and provides a specific criterion for transferring a case from the convening authority, are we to conclude that such a criterion is a “housekeeping” rule or merely guidance that can be effectively disregarded or overlooked in any particular case? We think not. Although there is no indication that anything sinister was involved in the post-trial mishandling of this record of trial, we conclude that error occurred when the record of trial was not forwarded to the officer who convened this court-martial and the OEGCMJ acted on the ease when it was not impracticable for the convening authority to have done so.
Whether we consider this error to be jurisdictional or test the error for prejudice to the appellant, we reach the same result. In the majority of cases, the officer who convenes a court-martial is more familiar with the accused and the offenses he has referred to trial than an officer superior in the chain of command, and it is with the convening authority where an “[a]ppellant’s ‘best hope for sentence relief ” rests. United States v. Jones, 36 M.J. 438, 439 (C.M.A. 1993) (quoting United States v. Bono, 26 M.J. 240, 243, n. 3 (C.M.A.1988)). We should not speculate as to how the convening authority, unfettered by the decision of his superior, would exercise his discretion. United States v. Craig, 28 M.J. 321, 325 (C.M.A.1989); see *933 also United, States v. Hill, 27 M.J. 293, 296-97 (C.M.A.1988).
As to the appellant’s remaining assignments of error,[9] we need not address his second in light of our resolution of the first. The remaining assignments of error, however, raise jurisdictional issues that are without merit. See Weiss v. United States, — U.S. -, 114 S.Ct. 752, 127 L.Ed.2d 1 (U.S. 1994); United States v. Mitchell, 37 M.J. 903 (N.M.C.M.R.) (en banc), petition granted, 38 M.J. 313 (C.M.A.1993).
Accordingly, the action of the Commanding General, Second Marine Division, dated 10 February 1993, is set aside. The record of trial will be returned to the Judge Advocate General for a new action by a different convening authority who is not subordinate to the Commanding General, Second Marine Division, in accordance with Article 60(c)-(e), UCMJ, and R.C.M. 1107.
Senior Judge REED and Judge DeCICCO concur.

. I. THE PURPORTED CONVENING AUTHORITY ACTION, TAKEN BY 2D MARDIV AS A SUBSTITUTE CONVENING AUTHORITY UNDER R.C.M. 1107(a), WAS A NULLITY INASMUCH AS (1) THERE WAS NO APPARENT REASON WHY THE INITIAL CONVENING AUTHORITY COULD NOT ACT AND (2) BECAUSE THE SUBSTITUTE CONVENING AUTHORITY ACTED IN RELIANCE ON A REQUEST FOR SUBSTITUTION FROM A DIFFERENT COMMANDER (COMMANDING OFFICER, 3D BATTALION, 2D MARINE REGIMENT) THAN THE INITIAL CONVENING AUTHORITY.

. The officer who actually convened the court, the CO, 2d Marines, is the officer intermediate in the chain of command between the CO, 3/2, and the CG, 2d MarDiv. The relationship of these commands may be more easily understood from the following diagram of the echelons of command:
Commanding General, Second Marine Division (CG, 2d MarDiv)
(officer exercising general court-martial jurisdiction)
Commanding Officer, Second Marines, Second Marine Division (CO, 2d Marines)
(officer who convened this court-martial)
Commanding Officer, Third Battalion, Second Marines, Second Marine Division
(CO, 3/2)
(officer in command of unit to which appellant was assigned)

. "When charges are forwarded to a superior commander for disposition, ... [i]f the forwarding commander is disqualified from acting as convening authority in the case, the basis for the disqualification shall be noted.” R.C.M. 401(c)(2)(A).

. This offense became the Article 89 offense of which the appellant was convicted in accordance with his pleas.

. Military Justice Act of 1983, Pub.L. No. 98-209, 97 Stat. 1393.

. Article 36(a), UCMJ, provides:
Pretrial, trial, and post-trial procedures ... for cases arising under this chapter triable in courts-martial ... may be prescribed by the President by regulations which shall, so far as he considers practicable, apply the principles of law and the rules of evidence generally recognized in the trial of criminal cases in the United States district courts, but which may not be contrary to or inconsistent with this chapter.
10 U.S.C. § 836(a) (1988). The Government does not argue that the President lacks the authority to establish criteria for determining when an officer, otherwise authorized to act on a case, may be substituted for the officer who actually convenes a particular court-martial.

. Judge Advocate General Instruction 5800.7C, dated 3 October 1990, § 0151.

. In his affidavit, the officer who convened this court-martial, now the former CO, 2d Marines, states that he has reviewed all of the materials he would have reviewed had the case been submitted to him and that he would have taken the same action as the CG, 2d MarDiv. In all candor, we would be surprised if that officer had stated otherwise, and in our assessment of this assignment of error, we have attached no significance to this portion of the affidavit.

. II. A BAD-CONDUCT DISCHARGE WAS AN INAPPROPRIATE SENTENCE IN THIS CASE.
III. THE COURT-MARTIAL DID NOT HAVE JURISDICTION BECAUSE THE MILITARY JUDGE WAS NOT APPOINTED TO A FIXED TERM OF OFFICE. (CITATION OMITTED.)
IV. THIS COURT HAS NO JURISDICTION BECAUSE ITS JUDGES ARE NOT APPOINTED TO FIXED TERMS OF OFFICE. (CITATION OMITTED.)
V. APPELLANT’S COURT-MARTIAL LACKED JURISDICTION BECAUSE THE MILITARY JUDGE WAS DESIGNATED IN VIOLATION OF THE APPOINTMENTS CLAUSE OF THE CONSTITUTION. (CITATION OMITTED.)
VI. BECAUSE THIS COURT'S JUDGES WERE APPOINTED IN VIOLATION OF THE APPOINTMENTS CLAUSE, THIS COURT HAS NO POWER TO REVIEW APPELLANT’S CASE. (CITATION OMITTED.)
VII. THE INVOLVEMENT OF THE ASSISTANT JUDGE ADVOCATE GENERAL FOR MILITARY JUSTICE AND THE JUDGE ADVOCATE GENERAL OF THE NAVY IN THE PREPARATION OF FITNESS REPORTS FOR NAVY-MARINE CORPS COURT OF MILITARY REVIEW JUDGES DEPRIVES THIS COURT OF ITS INDEPENDENCE AND THE APPEARANCE OF INDEPENDENCE, THUS VIOLATING APPELLANT'S RIGHT TO AN IMPARTIAL JUDICIAL FORUM. (CITATION OMITTED.)