UNITED STATES

v.

**Deleon M. BROWN, Lance Corporal (E–3), U.S. Marine Corps.**

NMCM 200000945.

U.S. Navy–Marine Corps Court of Criminal Appeals.

Sentence Adjudged 8 July 1999.

Decided 30 Aug. 2002.

Maj Eric P. Gifford, USMC, Appellate Defense Counsel.

Capt Patricio A. Tafoya, USMC, Appellate Government Counsel.

Before OLIVER, Senior Judge, VILLEMEZ and BRYANT, Appellate Military Judges.

OLIVER, Senior Judge:

This case raises a question of first impression: whether a special court-martial convening authority, other than the one who convened the court-martial, can lawfully take the post-trial action under Article 60(c), Uniform Code of Military Justice, 10 U.S.C. § 860(c), and RULE FOR COURTS MARTIAL 1107(a), MANUAL FOR COURTS MARTIAL (2000 ed.). We conclude that he may not lawfully do so and will return the record to the Judge Advocate General for remand to the original or other appropriate convening authority for a new action.

A military judge, sitting as a special court-martial, convicted Appellant, pursuant to his pleas, of conspiracy, violation of a lawful general order, dereliction of duty, making a false official statement, wrongful use of marijuana, and wrongful appropriation, in violation of Articles 81, 92, 107, 112a, and 121, UCMJ, 10 U.S.C. §§ 881, 892, 907, 912a, and 921. The military judge sentenced Appellant to confinement for 60 days, reduction to pay-grade E–1, forfeiture of $639.00 pay per month for 2 months, and a bad-conduct discharge. A different special court-martial convening authority approved the sentence as adjudged. The pretrial agreement had no effect on the sentence.

Although originally submitted without assignment of error, after first reviewing the record of trial, we specified the following issue:

WHETHER THE COMMANDING OFFICER, MARINE AIR CONTROL

GROUP 38, 3D MARINE AIRCRAFT WING, HAD THE AUTHORITY TO TAKE THE CONVENING AUTHORITY'S ACTION IN THIS CASE, WHICH WAS CONVENED BY COMMANDING OFFICER, MARINE WING HEADQUARTERS SQUADRON 3, 3D MARINE AIRCRAFT WING. *See* RULE FOR COURTS-MARTIAL 1107, MANUAL FOR COURTS-MARTIAL, UNITED STATES (2000 ed.).

After carefully considering the entire record of trial, the briefs from Appellant and Government counsel, and the relevant legal principles, we have determined that the answer to the specified question is "No" and that appropriate relief is warranted.

### Relevant Facts

Lieutenant Colonel (LtCol) M.L. Steele, USMC, Commanding Officer, Marine Wing Headquarters Squadron 3 (MWHS 3), 3rd Marine Aircraft Wing, convened Appellant's court-martial. Special Court Martial Convening Order 1–99 of 20 Apr 99. LtCol Steele referred all the charges to trial. Record at 2; Charge Sheet. Appellant's trial took place on 8 July 1999.

Colonel W.D. Durrett, Jr., USMC, Staff Judge Advocate, 3d Marine Aircraft Wing, prepared the Staff Judge Advocate's Recommendation (SJAR) on 28 March 2000, as well as an Addendum to the SJAR on 17 April 2000, in which he responded to comments, and a clemency request, that Appellant's counsel submitted on his behalf. Apparently through an administrative oversight, however, instead of preparing the SJAR for Commanding Officer, MWHS 3, who convened the court-martial, he prepared it for LtCol V.M. Dubois, USMC, Commanding Officer, Marine Air Control Group 38 (MACG 38). Henceforth all concerned treated MACG 38 as the appropriate convening authority. Indeed, there is no mention of MWHS 3's role as the original convening authority in any of the official post-trial paperwork.

### Legal Analysis

■ Article 60, UCMJ, provides the statutory basis for post-trial action by the convening authority. The provision of particular applicability reads:

The authority under this section to modify the findings and sentence of a court-martial is a matter of command prerogative involving the sole discretion of the convening authority. Under regulations of the Secretary concerned, a commissioned officer commanding for the time being, a successor in command, or any person exercising general court-martial jurisdiction may act under this section in place of the convening authority.

Art. 60(c)(1), UCMJ. The relevant provision from the MANUAL FOR COURTS-MARTIAL reads:

*Who may take action.* The convening authority shall take action on the sentence and, in the discretion of the convening authority, the findings, unless it is impracticable. If it is impracticable for the convening authority to act, the convening authority shall, in accordance with such regulations as the Secretary concerned may prescribe, forward the case to an officer exercising general court-martial jurisdiction who may take action under this rule.

R.C.M. 1107(a). The Discussion following this Rule includes illustrations of what may be considered "impracticable" and also states that "[i]f the convening authority forwards the case to an officer exercising general court-martial jurisdiction for initial review and action, the record should include a statement of the reasons why the convening authority did not act."

The Manual of the Judge Advocate General, Judge Advocate General Instruction 5800.7C, § 0151b(2)(Ch 3, 27 Jul 1998) [hereinafter JAGMAN], the applicable "regulation of the Secretary concerned," provides, in relevant part:

For commands in the chain of command of the Commandant of the Marine Corps, ... if, in the discretion of the officer who would normally take action as convening authority, it is impracticable for him to do so, that person shall cause the record of trial to be forwarded to an officer exercising general courts-martial jurisdiction.... The letter or message which causes the record to be so forwarded shall contain a statement of the reasons why the normal

convening authority could not act on the record. . . .

Based on the statutory and regulatory scheme, as well as the matters contained in the record of trial, Commanding Officer, MWHS–3, has always been the appropriate convening authority in Appellant's case. There is no explanation in the record, originating with him, a staff judge advocate, or anyone else, that explains why it was impracticable for him to act or why another convening authority acted on the record.

In *United States v. Solnick*, 39 M.J. 930, 935 (N.M.C.M.R.1994), this Court returned the record of trial for a new action on similar facts.[1] In that case, an officer exercising general court-martial jurisdiction (OEGCMJ) acted on the case instead of the original convening authority, even though the original convening authority "was at all relevant times apparently ready, willing, and able to act on the case." *Id.* at 931. "Consequently," this court observed, "we have a record which has been acted upon by a superior in command over the convening authority without any indication that the officer who actually convened the court was unavailable or otherwise unable to act on the case." *Id.* at 932.

The record in *Solnick* contained some explanation of why the OEGCMJ took action in the case, although it did not comply with the requirements of the UCMJ, the MANUAL FOR COURTS MARTIAL, or the JAGMAN. Noting that Congress had "greatly expanded" Article 60, UCMJ, in the Military Justice Act of 1983, this Court declined to take the position the Government had advocated that "R.C.M. 1107(a) can be disregarded so long as any OEGCMJ acts on the case." *Id.* at 934.

At a minimum, R.C.M. 1107(a) establishes the requirement that there must [be] a practical reason for transferring a case from the control of the officer who convened the court to a superior after the trial

has been held and precludes a superior from "plucking" a case out of the hands of the convening authority for an improper reason. When Congress amends a statute to add language stating that taking the post-trial action "is a matter of command prerogative involving the sole discretion of the convening authority" are we to say that Congress intended to make acting on the case so completely fungible that any OEGCMJ can act in place of the convening authority at any time-even when the convening authority is ready, willing, and able to act on the case himself?

*Id.*

The instant case is even more egregious than what this Court condemned in *Solnick*. Here a substitute *special* court-martial convening authority, not an OEGCMJ, acted on the case. The only connection is that both commands were under the authority of a common OEGCMJ. Here there has been no explanation whatsoever why the case was transferred from the original convening authority who remains, by all appearances, ready, willing, and able to act.[2] Certainly there was no letter or message from the original convening authority explaining why it was impractical for him to act on the case. *See* JAGMAN, § 0151b(2). While there is no indication whatsoever of improper motives, we conclude that failure to follow the statutory and regulatory scheme was error.

▮ In its brief, the Government concedes the error. However, it argues that the error was not jurisdictional in nature and, therefore, that we must test for prejudice to Appellant's substantial rights before granting relief. Government's Answer of 16 Jul 2002. The Government would have us apply the material-prejudice test found in Article 59(a), UCMJ, 10 U.S.C. § 859(a), in determining whether to provide relief in this case. That Article provides: "A finding or sentence of court-martial may not be held incorrect on

---

1. *See also United States v. Felder,* No. 9600488, 1997 WL 651577 (N.M.Ct.Crim.App. 15 Jan 1997)(unpublished op.).

2. In *Felder,* an unpublished opinion this Court issued in 1997, we noted that there was an affidavit from the Force Judge Advocate attached to the record explaining why the convening au-

thority was not available. However, we held that this was insufficient. "[T]his record does not contain the required statement from the original convening authority detailing why he could not personally take the action otherwise required of him by law." *Felder,* slip op. at 2.

the ground of an error of law unless the error materially prejudices the substantial rights of the accused."

There is some attraction to taking this approach in this case. We note that Appellant and his counsel never objected to the fact that MAGC 38 had replaced MWHS 3 as convening authority. Indeed, there is some evidence that Appellant sought to take advantage of the greater possibility of being given another "chance" that he may have felt he had with respect to his new commanding officer. *See* Clemency Request of 7 Apr 00, encl. (1). He included in his clemency package 11 "Statements of Character" from Marines assigned to MACG 38 with whom Appellant was working and whose opinion the commanding officer would presumably value. *Id.,* encl. (2). We acknowledge that the new convening authority may well have been more receptive to suspending Appellant's bad-conduct discharge than the original one. Moreover, in taking this action, we recognize that we will be giving Appellant a second opportunity for clemency. However, it is the one proper opportunity to which he is entitled that the proceedings to date have deprived him.

In any case, we refuse to apply a material-prejudice test to errors of this kind. Our purpose here, as it was in *Solnick,* is to ensure that the post-trial review scheme that Congress, the President, and the Secretary of the Navy have devised is carried out. *Solnick,* 39 M.J. at 934–35. Indeed, to permit *any* special court-martial convening authority to take action on *any* special court-martial would eviscerate this well-balanced statutory and regulatory scheme.

We will not permit the Government to depart so markedly from the established statutory and regulatory plan and then require Appellant to demonstrate substantial prejudice before setting things right. In a different context, our superior Court "routinely ha[s] recognized the convening authority as the accused's best hope for clemency." *United States v. Cook,* 46 M.J. 37, 39 (1997). *See also United States v. Bono,* 26 M.J. 240, 243 n. 3 (C.M.A.1988)(the convening authority is an appellant's "best hope for sentence relief."). We will not speculate as to how the original convening authority would exercise his "sole discretion" in exercising this "command prerogative" and statutory obligation to act on Appellant's request for clemency. Art. 60(c), UCMJ; *see United States v. Craig,* 28 M.J. 321, 325 (C.M.A.1989). Appellant is entitled to have the original convening authority (or his successor in command) act on his case. If that convening authority establishes that he is unavailable, Appellant is entitled to have an appropriate OEGCMJ take action. *Any* special court-martial convening authority simply will not suffice.

Accordingly, we set aside the action of the Commanding Officer, Marine Air Control Group 38, dated 25 April 2000. The record of trial will be returned to the Judge Advocate General for a new action by the original convening authority, that is, Marine Wing Headquarters Squadron 3, or other appropriate convening authority, consistent with the provisions of Art. 60(c), UCMJ, and R.C.M. 1107(a). Following that action the record of trial will be returned to this Court for further review under Art. 66, UCMJ, 10 U.S.C. § 866.

Judge VILLEMEZ and Judge BRYANT concur.