**540**

**UNITED STATES, Appellee,**

v.

**Sergeant Dustin S. NEWLOVE, United States Army, Appellant.**

**ARMY 20020536.**

U.S. Army Court of Criminal Appeals.

20 Aug. 2003.

For Appellant: Major Imogene M. Jamison, JA; Captain Eilin J. Chiang, JA (on brief).

For Appellee: Lieutenant Colonel Margaret B. Baines, JA.

Before CHAPMAN, CLEVENGER, and STOCKEL, Appellate Military Judges.

OPINION OF THE COURT

STOCKEL, Judge:

A military judge sitting as a general court-martial convicted appellant, pursuant to his pleas, of attempting to miss movement, simple disorder and neglect,[1] and soliciting another to commit an assault, in violation of Articles 80 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 880 and 934 [hereinafter UCMJ]. A convening authority approved the adjudged sentence of a bad-conduct discharge, confinement for ten months and eight days, and reduction to Private E1. The case is before this court for review pursuant to Article 66, UCMJ, 10 U.S.C. § 866.

Although appellate defense counsel submitted the case on its merits, we find that Major General (MG) F.L. Hagenbeck, Commander, 10th Mountain Division (Light Infantry) and Fort Drum, Fort Drum, New York (hereinafter Division Commander), improperly took action pursuant to Rule for Courts–Martial [hereinafter R.C.M.] 1107 on appellant's case. Accordingly, a new review and action is required. Also, it is apparent from the record of trial (ROT) that the military judge found appellant guilty of a simple disorder and neglect under Article 134, UCMJ (the Specification of Charge III). He announced, however, that he found appellant guilty of an offense under Article 134, UCMJ, without identifying the offense. Since the ROT will be returned for a new review and action, we recommend that the staff judge advocate (SJA) correct this error to ensure that the convening authority is properly advised regarding the offense of which appellant was found guilty.

---

1. See discussion *infra*.

## BACKGROUND

On 5 November 2001, appellant, in an attempt to miss the scheduled movement of his unit to Kosovo, solicited two other soldiers to commit an assault upon him, which they did. After the assault, appellant and the two soldiers went to Samaritan Medical Center, Watertown, New York, where the two soldiers informed medical personnel that appellant had been robbed and beaten by unknown assailants. Based upon this information, medical personnel reported the assault to the Watertown Police Department. During the course of the police investigation, appellant provided false statements regarding the assault to local police officers. Eventually, appellant confessed that he made up the story. He subsequently reported for deployment to Kosovo. The command decided, however, to leave appellant in the rear pending further investigation by the local police department.

On 12 April 2002, Brigadier General (BG) Thomas R. Goedkoop, Commander, 10th Mountain Division (Light Infantry) (Rear) (hereinafter Rear Commander), based upon the written pretrial advice of Major (MAJ) James H. Robinette II, his SJA, referred appellant's case to trial by a general court-martial. On 29 May 2002, appellant was convicted and sentenced. On 29 July 2002, the SJA prepared his post-trial recommendation (SJAR) pursuant to R.C.M. 1106 for the Rear Commander. On 6 September 2002, MG Hagenbeck (Division Commander) signed a memorandum for record, in which he adopted the procedures outlined by BG Eric F. Smith[2] for the excusal and detail of court-members as established by a 9 August 2002 memorandum. Major General Hagenbeck further "resumed command of Fort Drum, NY, and the 10th Mountain Division (Light Infantry)" and "adopt[ed] all responsibilities for all courts-martial cases previously

referred to the panels." On 13 September 2002, Lieutenant Colonel Charles N. Pede, SJA to the Division Commander, prepared an addendum to MAJ Robinette's SJAR. The addendum was addressed to the "Commander, 10th Mountain Division (Light Infantry), Fort Drum"—MG Hagenbeck—who took action on appellant's case.

## DISCUSSION

### Authority of Commander, 10th Mountain Division (Light Infantry) and Fort Drum

■ "We recognize that operational requirements and deployments may make the rigid application of the [UCMJ or] Rules for Courts–Martial impracticable, or very difficult to satisfy, in some situations." *United States v. Barry*, 57 M.J. 799, 801 (Army Ct.Crim.App.2002). Nevertheless, it is incumbent upon MG Hagenbeck and his SJA to comply with the minimal legal requirements so as to leave no doubt about the source of one's authority when taking action on a soldier's court-martial conviction and sentence. In *Barry*, this court concluded that the combination of three errors—two of three SJAR documents addressed to the wrong convening authority; advice given by a statutorily disqualified officer; and action taken by the wrong convening authority— required remedial relief. 57 M.J. at 802. Action taken by the wrong convening authority, however, is sufficient to warrant relief.

In this case, there were two lawfully appointed, separate, and distinct General Court–Martial Convening Authorities (GCMCAs): (1) the Commander, 10th Mountain Division (Light Infantry);[3] and (2) the Commander, 10th Mountain Division (Light Infantry) (Rear).[4] The authority to act upon

---

2. No further information regarding BG Smith and his position is provided in the ROT.

3. *See* UCMJ art. 22(a)(5), 10 USC § 822(a)(5) (a division commander may convene a general court-martial).

4. We take judicial notice that on 2 June 1999, the Secretary of the Army, pursuant to Article 22(a)(8), UCMJ, designated the Commander, "10th Mountain Division (Light Infantry) (Rear)," as a GCMCA. General Order Number

6, Headquarters Department of the Army, 30 March 2000. Merely being the commander of a "fort," such as Fort Drum, makes one a special court-martial convening authority, not a GCMCA. *See* UCMJ art. 23(a)(2), 10 U.S.C. § 823(a)(2); *United States v. McKillop*, 38 M.J. 701 (A.C.M.R.1993). We also take judicial notice that on 20 June 2003, the Acting Secretary of the Army rescinded previous General Orders designating the Rear and Division Commanders as

the findings and sentence of a court-martial is "a matter of command prerogative involving the sole discretion of *the convening authority*," in this instance, BG Goedkoop. UCMJ art. 60(c)(1), 10 U.S.C. § 860(c)(1) (emphasis added). "[A] commissioned officer commanding for the time being, a successor in command, or any person exercising general court-martial jurisdiction" may act in place of the convening authority, but only under regulations prescribed by the Secretary of the Army. *Id.* Specifically, a convening authority may forward a case to another GCMCA for action, but only if it is impracticable for a convening authority to take action in the case that he convened.[5] The memorandum, or other document, forwarding the case will contain a statement of the reasons why the convening authority who referred the case is unable to act on the record. A copy of the forwarding document will be included in the ROT.[6] *See* R.C.M. 1107(a) and discussion thereto; *Barry*, 57 M.J. at 802–03; Army Reg. 27–10, Legal Services: Military Justice, paras. 5–2b(1) and 5–32 (6 Sept. 2002). "Absent such a documented

transfer of jurisdiction, action in a case must be taken by the same GCMCA who convened the court-martial or his successor in command."[7] *Barry*, 57 M.J. at 803. Since there are no orders or other documents in the record reflecting that the Rear Commander,[8] who referred appellant's case to court-martial, ever subsequently transferred post-trial jurisdiction for appellant's case to the Division Commander, the purported action by the Division Commander is void.

### Military Judge's Findings

 Before accepting a guilty plea, the military judge must explain the elements of the offense and ensure that a factual basis for the plea exists. *United States v. Davenport*, 9 M.J. 364, 367 (C.M.A.1980); *see also* UCMJ art. 45(a), 10 U.S.C. § 845(a); *United States v. Care*, 18 U.S.C.M.A. 535, 40 C.M.R. 247, 1969 WL 6059 (1969). The accused "must be convinced of, and able to describe all the facts necessary to establish guilt." R.C.M. 910(e) discussion. Acceptance of a guilty plea requires the accused to substantiate the facts that objectively support his plea.

GCMCAs and designated the "Commander, Fort Drum" as a GCMCA.

5. The circumstances of this case should not be confused with the right of a superior commander to withhold authority from a subordinate commander or to withdraw charges from a court-martial. Under R.C.M. 306(a), a superior commander may withhold the authority of a subordinate commander "to dispose of offenses in individual cases, types of cases, or generally." A convening authority or a superior competent authority may also withdraw charges from a court-martial at any time, but such withdrawal of charges must be *before findings are announced.* R.C.M. 604(a) (emphasis added).

6. This court takes judicial notice of forty-one pages of jurisdictional documents prepared by Headquarters, 10th Mountain Division (Light Infantry), Fort Drum, New York, submitted by the government in *United States v. Private E2 Michael D. Squires*, ARMY 20020643. Included in these documents is a memorandum from the Rear Commander for the Division Commander—Subject: Transfer of Jurisdiction, dated 6 March 2000, in which the Rear Commander transferred a number of cases for post-trial matters to the Division Commander. The record in this case, however, contains no orders or other documentation transferring post-trial court-martial jurisdiction for appellant's case from the Rear Commander to the Division Commander.

7. Army Reg. 600–20, Personnel–General: Army Command Policy, para. 2–12 (13 May 2002), permits a commander "who succeeds to any command" or "assumes the duties of his or her predecessor" to assume responsibility for all orders in force. The authority to convene a court-martial, however, is independent of rank and is retained as long as the convening authority remains a commander in one of the positions designated by the Secretary of the Army. R.C.M. 504(b)(1) discussion; UCMJ art. 22(a)(8). Unlike the court in *United States v. Simpson*, 33 M.J. 1063 (A.C.M.R.1991), we are unable to determine whether the Division Commander is an authorized successor within the meaning of R.C.M. 1107(a). Previous practice militates against this conclusion as the Rear Commander should have transferred jurisdiction to the Division Commander in accordance with R.C.M. 1107. *See, e.g., United States v. Brown*, 57 M.J. 623 (N.M.Ct.Crim.App.2002); *United States v. Solnick*, 39 M.J. 930 (N.M.C.M.R.1994).

8. General Goedkoop's authority as a GCMCA was the consequence of him being the Rear Commander. General Hagenbeck, while he possessed equivalent command authority when he resumed command of his entire division at Fort Drum on 6 September 2002, did not become a successor in command to BG Goedkoop, because the organization that was BG Goedkoop's source of convening authority power, 10th Mountain Division (Light Infantry) (Rear), remained extant.

*United States v. Schwabauer*, 37 M.J. 338, 341 (C.M.A.1993); *Davenport*, 9 M.J. at 367. The standard of review to determine whether a plea is provident is whether the record reveals a substantial basis in law or fact for questioning the plea. *United States v. Prater*, 32 M.J. 433, 436 (C.M.A.1991).

In this case, appellant was charged with the offense of making a false official statement in violation of Article 107, UCMJ, 10 U.S.C. § 907 (Charge III and its Specification). It is apparent that, during the providence inquiry, the military judge determined appellant was improvident to this offense. Without informing the parties that he had concluded appellant was improvident to the charged offense, the military judge began to elicit facts during the colloquy to support a simple disorder under Article 134, UCMJ, without explanation to appellant.[9] Article 134, UCMJ, punishes "[d]isorders and neglects to the prejudice of good order and discipline in the armed forces (clause 1)" and "conduct of a nature to bring discredit upon the armed forces (clause 2)." *Manual for Courts–Martial, United States* (2002 ed.), Part IV, para. 60c(2) and (3). As a result of the facts elicited, the military judge found appellant not guilty of an offense under Article 107, UCMJ, but "guilty of a violation of Article 134." The military judge, however, failed to specify that he found appellant guilty of a disorder under Article 134.[10] This error is incorporated in both the SJAR and promulgating order. It should be corrected in the course of completing a new review and action.

## DECISION

The action of the convening authority, dated 13 September 2002, is set aside. The record of trial will be returned to The Judge Advocate General for a new action by the same or a different convening authority, but one shown to be properly authorized to act on the record, in accordance with Article 60(c)–(e), UCMJ.

Senior Judge CHAPMAN and Judge CLEVENGER concur.

---

9. At the conclusion of the providence inquiry, the military judge did tell the parties that he would not accept appellant's plea to a false official statement. He then asked trial defense counsel his view on the providence of appellant's plea to a disorder and neglect under Article 134, UCMJ. Counsel replied that appellant was provident to that offense. The military judge then stated his intention of finding appellant not guilty of making a false official statement, but finding him guilty of a violation of Article 134, UCMJ.

10. Pursuant to R.C.M. 918(a)(1), a properly announced finding might have been: "Of the Specification of Charge III and of Charge III, not guilty, but guilty of a simple disorder in violation of Article 134, UCMJ."