UNITED STATES ARMY COURT OF CRIMINAL APPEALS

 Before
 SULLIVAN, COOK, and BAIME
 Appellate Military Judges

 UNITED STATES, Appellee
 v.
 Private E2 TROY A. WARD
 United States Army, Appellant

 ARMY 20071262

 III Corps and Fort Hood
 Charles Walters, Military Judge
 Colonel Mark Cremin, Staff Judge Advocate

For Appellant: Lieutenant Colonel Mark Tellitocci, JA; Lieutenant Colonel
Matthew M. Miller, JA; Major Bradley Voorhees, JA; Captain Richard P.
Pizur, JA (on brief).

For Appellee: Colonel Denise R. Lind, JA; Lieutenant Colonel Mark H.
Sydenham, JA; Major Lisa L. Gumbs, JA; Major Teresa T. Phelps, JA (on
brief).

 3 April 2009

 -------------------------------------
 SUMMARY DISPOSITION
 -------------------------------------

Per Curiam:

 This case is before us for review under Article 66, Uniform Code of
Military Justice, 10 U.S.C. §866 [hereinafter UCMJ]. Defense counsel
allege, and we concur, that the convening authority who took action on
appellant’s case lacked authority to do so. We will order a new review and
action.

 In a memorandum dated 30 October 2007, Commander, 4th Infantry
Division, requested that the Commander, Fort Hood, accept transfer of all
referred cases where the court-martial had not yet assembled, with the
specific exception of appellant’s case, due to extended absence in support
of Operation Iraqi Freedom. The 4th Infantry Division Commander did
request transfer of jurisdiction in appellant’s case if post-trial
processing became necessary. In a memorandum dated 1 November 2007,
Commander, Fort Hood, attached all pending pretrial and post-trial cases
except for appellant’s case and did not include any contingent acceptance
of transfer in appellant’s case. Subsequently, on 27 February 2008, after
resuming his duties, Commander, III Corps and Fort Hood, and Headquarters,
Fort Hood, accepted attachment and transfer of all cases under the
jurisdiction of the Fort Hood Commander and took action in this case.
Because appellant’s case was specifically not attached by Commander, Fort
Hood, there was no effective transfer of jurisdiction under Rule for Courts-
Martial 1107(a) and the post-trial action by the Commander, III Corps and
Fort Hood, is void. See United States v. Newlove, 59 M.J. 540 (Army Ct.
Crim. App. 2003). The case is still within the court-martial jurisdiction
of the Commander, 4th Infantry Division.

 The convening authority’s initial action, dated 10 July 2008, is set
aside. The record of trial is returned to The Judge Advocate General for a
new Staff Judge Advocate Recommendation and action by a legally authorized
convening authority in accordance with Article 60(c)-(e), UCMJ.

 FOR THE COURT:

 MALCOLM H. SQUIRES, JR.
 Clerk of Court